**Coraleen B. DUNN**

v.

**NEXTEL SOUTH CORPORATION, d/b/a, Nextel Communications.**

**Civil Action No. 01–691–A.**

United States District Court, M.D. Louisiana.

Jan. 8, 2002.

Duke Ellington Tilley, Jr., Baton Rouge, LA, for plaintiff.

Phyllis Guin Cancienne, Locke, Purnell, Rain & Harrell, New Orleans, LA, Jennifer Livaccari Lemmon, Livaccari Villarrubia Lemmon, LLC, Boutte, LA, for defendant.

## RULING ON MOTION TO DISMISS

JOHN V. PARKER, District Judge.

This matter is before the court on a motion by the defendant, Nextel South Corporation, d/b/a Nextel Communications, to dismiss (doc. 5). The plaintiff did not file an opposition to the defendant's motion. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a). There is no need for an oral argument.

## I. Law & Discussion

Defendant points out in brief that under La.R.S. 23:303(C), a "plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action ... and both parties shall make a good faith effort to resolve the dispute prior to initiating court action." The plaintiff alleges that she was discriminated against, but has seemingly failed to submit the "written notice of this fact" to the defendant. Additionally, the plaintiff has made no showing that the parties attempted to "make a good faith effort to resolve [this] dispute prior to initiating [this] court action."

Defendant alleges that plaintiff has not complied with the procedural requirements of section 303(C). An examination of plaintiff's original state court petition discloses no allegation that the prerequisite was met prior to filing suit and no copy of any written notice to defendant is attached to the petition.

In the face of the specific issues raised by defendant and served upon plaintiff's counsel, plaintiff has elected to remain silent. The court accordingly concludes that it must be correct the plaintiff failed to comply with La.Rev.Stat. 23:303(A) prior to filing suit. Although defendant suggests that the action should be dismissed with prejudice, the court concludes that such a procedural failure should not result in dismissal with prejudice. There is no adjudication upon the merits and in the court's view, defendant's motion to dismiss should be treated as the functional equivalent of a Louisiana exception of prematurity, the sustaining of which produces nonsuit or dismissal without prejudice.

The motion to dismiss on behalf of defendant (doc. 5) is hereby GRANTED and this action shall be dismissed WITHOUT PREJUDICE.