902 So.2d 385 (2005)
Carlette SIMPSON-WILLIAMS, Sheila Dickerson, Javier Pastor and Keith Francis, Jr.
v.
David ANDIGNAC, Lloyd Durand, Jr., Whitney National Bank of New Orleans and XYZ Insurance Company.
No. 2004-CA-1539.
Court of Appeal of Louisiana, Fourth Circuit.
April 20, 2005.
*386 Willie M. Zanders, New Orleans, LA, for Plaintiff/Appellant.
Ernest R. Malone, Jr., Henry P. Julien, Jr., Ashley O'Dwyer Day, The Kullman Firm, New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO JR.).
EDWIN A. LOMBARD, Judge.
This appeal arises from the trial court's granting of defendants' motion for summary judgment.

PERTINENT FACTS AND PROCEDURAL HISTORY
On February 11, 2002, Plaintiffs Carlette Simpson-Williams ("Simpson-Williams"), Sheila Dickerson ("Dickerson"), Javier Pastor ("Pastor"), and Keith Francis ("Francis"), all former employees of Whitney National Bank of New Orleans ("Whitney"), brought suit against Defendants Whitney, David Andignac ("Andignac"), and Lloyd Durand ("Durand") alleging unlawful discrimination, intentional infliction of emotional distress, slander, and defamation. In the First Supplemental and Amended Petition, Tiffany Beauchamp ("Beauchamp") was added as a plaintiff and Plaintiffs alleged a hostile work environment based on race and sex. Subsequently, Andignac and Durand were dismissed as to Plaintiffs' claims of discrimination and/or hostile work environment. Francis' claims against Defendants were also dismissed.
On September 5, 2003, the District Court granted Defendants' Motion for *387 Summary Judgment on Plaintiffs' defamation and slander claims. Defendants subsequently moved for Summary Judgment on the remainder of Plaintiffs' claims. After a hearing and review of all the evidence presented, the District Court granted Summary Judgment in Defendants' favor on all Plaintiffs' claims. Judgment was entered on December 19, 2003. This appeal followed.

STANDARD OF REVIEW
Appellate review of a grant or denial of summary judgment is de novo. Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B).

LAW AND DISCUSSION
Review of the record reveals that Plaintiffs failed to comply with the notice provision of LSA-R.S. 23:303.
Louisiana Revised Statute 23:303(C) provides:
A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.
LSA-R.S. 23:303 does not by its express terms provide any penalty for noncompliance with this section. No Louisiana court has addressed the meaning of either Section 23:303(C) or its virtually identical counterpart in the Louisiana Civil Rights for Handicapped Persons Act, LSA-R.S. 46:2256(B)[1], which also does not by its express terms provide any penalty for noncompliance.
Decisions by various federal district courts in Louisiana that have interpreted these two notice provisions of Louisiana law have consistently held that a claim under either statute must be dismissed if the plaintiff failed to comply with the notice provision, unless the plaintiff had filed a charge of discrimination with the EEOC within the appropriate time period, which effectively accomplished the same goals as the statutory notice under state law. See Dunn v. Nextel So. Corp., 207 F.Supp.2d 523, 524 (M.D.La.2002) (Parker, J.) (dismissing plaintiff's employment discrimination complaint without prejudice for failure to allege compliance with Section 23:303(C)); Brown v. Menszer, No. 99-0790, 2000 WL 1228769, at *2 (E.D.La. Aug.23, 2000) (Duval, J.) (rejecting plaintiff's argument that vague verbal warning could substitute for written notice under Section 46:2256(B) and dismissing plaintiff's handicap discrimination claim for failure to comply with notice provision); Malakoff v. Alton Ochsner Med. Fd., No. 99-3603, 2000 WL 805232, at *2 (E.D.La. June 20, 2000) (Mentz, J.) (plaintiff's state law discrimination claim was procedurally barred by her failure to comply with Section 23:303(C)); Schildkraut v. Ballys Casino New Orleans, LLC, No. 04-366, 2004 *388 WL 2348321, at *11 (E.D.La. October 14, 2004) (recognizing notice requirement under LSA-R.S. 23:303(C)); Trahan v. Lowes, Inc., 01-3243, 2002 WL 1560272, at *6 (E.D.La. July 12,2002) (failure to comply with the literal terms of 23:303(C) and failure to file a charge with the EEOC before filing a suit warranted summary judgment for defendant).
Plaintiffs claims against Defendants were premature under the Louisiana Employment Discrimination Law. Plaintiffs failed to comply with the literal terms of LSA-R.S. 23:303(C) and failed to file a charge with the EEOC before filing this lawsuit, which might have substituted for the state law notice requirement. The statute also requires both parties to make a good faith effort to resolve the dispute before court action. Neither condition appears from the record to have been satisfied by the plaintiffs/respondents. Their claim, therefore, is procedurally barred.
As to the merits of plaintiffs claim, the trial court was correct in dismissing the plaintiffs claims with prejudice based upon the submissions of the parties.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La.C.C.P. art. 966(A)(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movants burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse partys claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La.C.C.P. art. 966(C).
Pretermitting the issue raised by the defendants that the plaintiffs affidavits were not timely filed, the affidavits contain inadmissible hearsay and are not made on personal knowledge. See La.C.C.P. art. 967; Trittt v. Gares, 98-0704, p. 7 (La.App. 4 Cir. 12/23/98), 735 So.2d 659, 663. These affidavits are insufficient as a matter of law.
Because the affidavits submitted in opposition to the defendants motion for summary judgment are insufficient to raise a genuine issue of material fact, the granting of summary judgment is appropriate.

CONCLUSION
For the foregoing reasons, Defendants' motion for summary judgment as to all claims of Carlette Simpson-Williams, Javier Pastor, Shelia Dickerson, and Tiffany Beauchamp is granted and all claims of Plaintiffs, Carlette Simpson-Williams, Javier Pastor, Shelia Dickerson, and Tiffany Beauchamp against Defendants, David Andignac, Lloyd Durand, Whitney National Bank, and XYZ Insurance Company, are hereby dismissed, with prejudice.
AFFIRMED.
NOTES
[1] LSA-R.S. 46:2256(B) provides in relevant part that "[a]ny person who believes he has been discriminated against and intends to pursue court action must give the person who has allegedly discriminated written notice of this fact at least 30 days before initiating court action, must detail the discrimination and both parties must make a good faith effort to resolve the dispute before court action.