Juan MIGUEL and Jon Miguel

v.

GEICO GENERAL INSURANCE COMPANY, Scott Goss Brian Whitehead & Laura Aguilar

NO. 2016–CA–0596

Court of Appeal of Louisiana, Fourth Circuit.

DECEMBER 21, 2016

---

M. Suzanne Montero, Warren A. Forstall, Jr., 320 North Carrollton Avenue, Suite 200, New Orleans, LA 70119, COUNSEL FOR PLAINTIFF/APPELLANT

M. Nan Alessandra, Kim M. Boyle, PHELPS DUNBAR LLP, 365 Canal Street, Suite 2000, New Orleans, LA 70130–6534, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Judge Dennis R. Bagneris, Sr., Judge Roland L. Belsome, Judge Joy Cossich Lobrano)

Roland L. Belsome, Judge

This appeal is taken form the trial court's granting of an exception of prematurity in favor of GEICO General Insurance Company, Scott Goss, Brian Whitehead and Laura Aguilar (collectively "the Defendants"). The ruling resulted in Jon Miguel's claims under Louisiana Employment Discrimination Law being dismissed with prejudice. For the reasons that follow we affirm.

Jon and Juan Miguel are identical twins. Jon was employed by GEICO as a special investigator, and Juan was an insured of GEICO. The claims of the lawsuit arise from Juan's filing a claim against GEICO as his underinsured/uninsured motorist (UM) carrier. During the investigation of Juan's claim, Jon accessed public records data bases used by GEICO to find the correct address for the person allegedly at fault for Juan's accident.[1] Jon was terminated shortly thereafter.[2] Jon claimed he was terminated due to racial discrimination pursuant to La. R.S. 23:332(A)(1).[3] He filed suit against the Defendants alleging employment discrimination and defamation.[4]

In response to the Petition for Damages, the Defendants filed exceptions of prematurity and want of judicial demand. The substance of the exceptions was that in filing his claim under Louisiana Employment Discrimination Law (LEDL) Jon failed to comply with the notice requirements mandated by La. R.S. 23:303. More specifically, Jon was required to provide notice to the Defendants at least thirty days prior to instituting the lawsuit. The trial court held a hearing on the exceptions and rendered judgment denying both exceptions. The Defendants filed a writ application with this Court seeking review of the trial court's denial of the exceptions. This Court granted the writ application and remanded the matter to the trial court for an evidentiary hearing.

---

1. GEICO claimed that Jon violated its internal policies in using the databases to access information for Juan.

2. His date of termination was March 26, 2013.

3. La. R.S. 23:332(A)(1) provides:
   A. It shall be unlawful discrimination in employment for an employer to engage in any of the following practices:
   (1) Intentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to compensation, or terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.

4. The lawsuit was filed on behalf of Jon and Juan. Juan's allegations for damages related to his UM claim, while Jon's claims were related to his employment and termination. The brothers' claims were severed.

On remand, the trial court accepted evidence and found that Jon had failed to adhere to the thirty day notice provision of La. R.S. 23:303, which was cause for his claim of discrimination to be dismissed. His claim for defamation is still pending.

Jon filed this appeal maintaining that the trial court erred in granting the exception of prematurity. In granting the exception, the trial court made two findings, only twenty-eight days notice was given prior to the institution of the ₃lawsuit and that written notice did not have sufficient specificity to outline the acts of discrimination. On appeal, Jon maintains that delaying the filing of the petition and additional two days in compliance with the statute would have been a vain and useless act. He also challenges the trial court's finding that the notice was not specific enough to meet the requirements of § 303(C).

This court has held that the appellate courts review a trial court's judgment concerning a dilatory exception of prematurity under the manifest error standard of review.[5]

The arguments raised on appeal relate to the notice provisions of La. R.S. 23:303, which reads in pertinent part:

C. A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated *written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination*, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

D. Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

E. Notwithstanding Subsection D of this Section, there shall be no interruption of prescription resulting from a plaintiff's giving or failing to give the notice required in Subsection C of this Section.[6]

Of the two findings made by the trial court, the failure to comply with the thirty days written notice is not in dispute. The facts on that issue are that on February ₄25, 2014, Jon sent written notice to GEICO's Director of Human Resources, Meredith Rosser. That letter, which indicated that Jon was claiming employment discrimination based on his race, was received on February 26, 2014. Jon's Petition for Damages was filed twenty-eight days later on March 25, 2014. Because the one year prescriptive period provided for in § 303(D) was approaching, Jon had to file suit prior to the running of the thirty days.

It is well settled that when a statutory provision is clear and unambiguous and its application does not lead to absurd consequence, its language must be given effect.[7] The notice requirement provided for in § 303(C) is clear and has been literally interpreted by Louisiana federal and state

---

5. *Gales v. Whole Food Co.*, 13–1492, p. 3 (La.App. 4 Cir. 4/22/15), 165 So.3d 1052, 1053 (citing *Jefferson Door Company, Inc. v. Cragmar Construction, L.L.C.*, 11–1122, p. 3 (La.App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004).

6. La. R.S. 23:303 (emphasis added).

7. *Oubre v. Louisiana Citizens Fair Plan*, 11–0097 (La. 12/16/11), 79 So.3d 987.

courts.[8] The only exception to the prerequisite of the thirty day written notice is if the plaintiff files a charge against the defendant with the Equal Employment Opportunity Commission (EEOC). In this case there was no filing of a charge with the EEOC.

This Court addressed the failure to comply with the notice requirement of § 303 in *Simpson–Williams v. Andignac*.[9] In that case, the plaintiffs filed suit against their former employer and alleged in part a claim of unlawful discrimination.[10] The plaintiffs had failed to provide written notice or file a claim with the EEOC, in compliance with La. R.S. 23:303(C). The defendant-employer filed a motion for summary judgment, which the trial court granted. In affirming the trial court's judgment, this Court reasoned that the claim was premature and therefore, procedurally barred.[11]

Likewise in *Dyess v. Damann*, the plaintiff filed suit against her former co-employee, Kenneth Damann, and employer, The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, and in the petition for damages, alleged: (1) claims of unwanted touching, sexual harassment, and intimidation against Mr. Damann; and (2) damages including pain and suffering, mental anguish, and loss of enjoyment of life.[12] Mr. Damann filed an exception of prematurity arguing that the plaintiff failed to comply with the notice requirements of La. R.S. 23:303(C). In dismissing the plaintiff's suit against Mr. Damann the trial court stated:

> *The statute is very clear.* [Louisiana Revised Statutes] 23:303(C) says, a plaintiff who believes he or she has been discriminated against or intends to pursue court action *shall* give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action and shall detail the alleged discrimination... The letter that purports to be that notice does not comply with the statute.... *The failure to comply with the statute is fatal.*[13]

On appeal, the First Circuit held that the trial court did not err in dismissing the plaintiff's claim of sexual discrimination and affirmed that part of the judgment.

We recognize that *Simpson–Williams* had no written notice and *Dyess* had insufficient notice, while this case specially addresses the "thirty days before initiating court action" portion of the statute. How-

---

**8.** *See Simpson–Williams v. Andignac*, 04–1539, pp. 3–4 (La.App. 4 Cir. 4/20/05), 902 So.2d 385, 387–88; *Dunn v. Nextel So. Corp.*, 207 F.Supp.2d 523, 524 (M.D. La. 2002) (dismissing plaintiff's employment discrimination complaint without prejudice for failure to allege compliance with Section 23:303(C)); *Brown v. Menszer*, 99–0790, (E.D. La. 2000), 2000 WL 1228769, at *2 (rejecting plaintiff's argument that vague verbal warning could substitute for written notice under Section 46:2256(B) and dismissing plaintiff's handicap discrimination claim for failure to comply with notice provision); *Malakoff v. Alton Ochsner Med. Fd.*, 99–3603, (E.D. La. 2000), 2000 WL 805232, at *2 (plaintiff's state law discrimination claim was procedurally barred by her failure to comply with Section

23:303(C)); *Trahan v. Lowes, Inc.*, 01–3243, (E.D. La. 2002), 2002 WL 1560272, at *6 (failure to comply with the literal terms of 23:303(C) and failure to file a charge with the EEOC before filing suit warranted summary judgment for defendant).

**9.** 04–1539, pp. 3–4 (La.App. 4 Cir. 4/20/05), 902 So.2d 385.

**10.** *Simpson–Williams, supra.*

**11.** *Id.*

**12.** 12–1799 (La.App. 1 Cir. 4/26/13), 2013 WL 1791036.

**13.** *Id.*

ever, the federal district court for the Eastern District of Louisiana, in *Stubberfield v. Hercules Offshore*, recently addressed the compliance of the thirty day notice.[14] The *Stubberfield* plaintiff waited until the eleventh hour to file suit and did not have thirty days to spare prior to his case prescribing. Therefore, he simultaneously gave written notice and filed suit, but withheld service for thirty days. That court found that the failure to comply with the thirty day written notice or to file an EEOC complaint prior to initiating suit rendered the suit premature.[15] In so finding, the court cited to this Court's opinion in *Simpson–Williams*.

The consistent holdings in the case law indicate that the statute is to be imposed literally and any deficiency to the notice requirement is fatal to the plaintiff's claim. For that reason, we do not find that the trial court erred in its granting of the exception of prematurity.[16]

**AFFIRMED**

14. 2016 WL 2855480 (E.D. La. May 16, 2016).

15. *Id.*

16. This finding pretermits any discussion on the specificity of the written notice.