

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2007

# Carter v. Postmaster Gen

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4378

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Carter v. Postmaster Gen" (2007). *2007 Decisions.* Paper 45.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/45

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4378

———

STACEY CARTER,
Appellant

v.

JOHN E. POTTER,
POSTMASTER GENERAL OF THE UNITED STATES

———

Appeal from the Judgment of the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-00786)
District Judge: Honorable Mary A. McLaughlin

———

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2007

Before: RENDELL and STAPLETON, *Circuit Judges*,
and IRENAS,[*] *Senior District Judge*.

(Filed December 18, 2007)

———

OPINION OF THE COURT

———

IRENAS, *District Judge*.

---

[*] Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

Appellant, Stacey Carter, appeals the District Court's decisions dismissing his complaint as time-barred and denying his motion for reconsideration. The complaint alleged discrimination, and was filed in the District Court after the United States Postal Service issued a Notice of Final Action implementing an Administrative Judge's finding of no discrimination against Appellant. We will affirm.

I.

The relevant facts in this case are primarily procedural in nature and are undisputed. Appellant was employed as a letter carrier with the United States Postal Service ("USPS"). In July of 2004, he filed a complaint alleging discrimination with the USPS's Equal Employment Opportunity ("EEO") Counselor. The EEO Counselor forwarded Appellant's complaint to the U.S. Equal Employment Opportunity Commission ("EEOC"), where an Administrative Judge dismissed the complaint without a hearing. The USPS received the Administrative Judge's decision on November 14, 2005, and sent a Notice of Final Action to Appellant on November 17. The Notice of Final Action, commonly known as a "right-to-sue letter," implemented the Administrative Judge's finding that the USPS did not discriminate against Appellant. Appellant received the right-to-sue letter on November 21, 2005. His attorney of record received the letter one week later, on November 28.

The right-to-sue letter advised Appellant, under the subheading "Right to File a Civil Action," that he was permitted to "file a civil action in an appropriate U.S. District

2

Court within 90 calendar days of [his] receipt of this decision." Appellant filed a complaint in the District Court for the Eastern District of Pennsylvania on Wednesday, February 22, 2006. Appellee subsequently filed a motion to dismiss the complaint or, in the alternative, a motion for summary judgment, arguing that the 90-day period began to run on the day *Appellant* received the right-to-sue letter. Therefore, according to Appellee, the complaint had to be filed by Tuesday, February 21, 2006,[1] making Appellant's complaint untimely. Appellant responded that because he was represented by counsel, the only relevant date for calculating the 90-day period was when his *attorney* received the letter. This would mean his complaint had to be filed by Monday, February 27,[2] which it was.

The District Court entered a brief order finding that Appellant's claim was untimely, and thus granting Appellee's motion to dismiss the complaint. The District Court noted that Appellant cited no authority to support his position that the 90-day period for filing only began to run when his attorney received the right-to-sue letter, even though Appellant received the letter first. Appellant then filed a motion for

---

[1] Ninety calendar days from November 21, 2005, the day Appellant received the letter, was actually Sunday, February 19, 2006. However, pursuant to Fed. R. Civ. P. 6, Sunday is excluded from the computation of time where it is the last day of the prescribed time period. Furthermore, Monday, February 20 was Washington's Birthday, which is a "legal holiday" similarly excluded from the computation of time by the Rule.

[2] Ninety calendar days from November 28, 2005, when Appellant's attorney received the right-to-sue letter, fell on Sunday, February 26, 2006. But again, Sunday is excluded from the computation of time pursuant to Fed. R. Civ. P. 6.

3

reconsideration relying on an EEOC regulation, which was not previously submitted to the District Court, in support of his position. However, the regulation did not alter the District Court's conclusion that Appellant's complaint was time-barred, and his motion for reconsideration was denied in a memorandum opinion. This appeal followed.

## II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction to review the District Court's orders dismissing the complaint and denying the motion for reconsideration pursuant to 28 U.S.C. § 1291. We engage in plenary review of the District Court's dismissal of the complaint as untimely. *Gibbs ex rel. Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 131 (3d Cir. 2002) ("[O]ur review over the District Court's order granting a 12(b)(6) motion [arguing that a suit was untimely] is plenary.").[3]

## III.

The information provided in a Notice of Final Action advising a complainant of

---

[3] While the parties discuss the standard of review in the context of a grant of summary judgment, the District Court's memorandum opinion on reconsideration states that the District Court granted Appellee's motion to dismiss the complaint. Thus, the District Court did not need to reach Appellee's alternative motion for summary judgment, leaving this Court to review only the grant of the motion to dismiss.

his or her right to file suit in a District Court is based on 42 U.S.C. § 2000e-16, which states in pertinent part:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, [which includes the USPS,] . . . on a complaint of discrimination based on race, color, religion, sex or national origin, . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action [in an appropriate District Court] . . . .

42 U.S.C. § 2000e-16(c); *see also id.* § 2000e-5(f)(1). A complainant may not bring a civil action without having first received a right-to-sue letter, which indicates an exhaustion of administrative remedies. *Burgh v. Borough Council*, 251 F.3d 465, 470 (3d Cir. 2001). The 90-day period for filing the action is treated as a statute of limitations. *Id.* (citations omitted). This Court has strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling,[4] a civil suit filed even one day late is time-barred and may be dismissed. *Id.* (citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999)). The issue in this case is what constitutes "*receipt* of notice of final action" under the terms of § 2000e-16(c), thereby triggering the start of the 90-day period.

As the District Court stated in its memorandum opinion, the law on this issue is clear, both in this circuit and elsewhere – the 90-day statute of limitations starts "when either the claimant or [his] attorney receives a right-to-sue letter, *whichever is earlier*."

---

[4] Appellant did not raise an equitable basis for tolling before the District Court, and does not attempt to do so here.

5

*Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 n.1 (3d Cir. 1999) (emphasis added); *see also Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 92 (1990) (affirming Fifth Circuit's interpretation of 42 U.S.C. § 2000e-16(c) "that a notice of final action is 'received' when the EEOC delivers its notice to a claimant or the claimant's attorney, whichever comes first"); *Burgh*, 251 F.3d at 470 ("The on-set of the 90-day period is generally considered to be the date on which the complainant receives the right-to-sue letter."); *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005) ("[T]wo types of receipt of a notice [of final action] can start running the 90-day limitation period, and each does so equally well: actual receipt by the plaintiff, and actual receipt by the plaintiff's attorney, which constitutes constructive receipt by the plaintiff.").

Thus, in this case, the District Court's decision to dismiss Appellant's complaint as untimely would seem unassailable. Appellant received the right-to-sue letter one week before his attorney did, and the 90-day period began to run on that day. Ninety days from November 21, 2005, excluding the Sunday and federal holiday ending the period pursuant to Fed. R. Civ. P. 6, was Tuesday, February 21, 2006. Appellant filed a civil action in the District Court on Wednesday, February 22, one day later than the expiration of the 90-day period, and therefore warranting the District Court's dismissal of the complaint.

Nonetheless, Appellant argues that an EEOC regulation should lead this Court to conclude that the 90-day period did not begin to run until his attorney received the right-to-sue letter on November 28, 2005, which would render his complaint timely. We are not persuaded by Appellant's argument, which is contrary to existing precedent, for two

6

independently compelling reasons.

The EEOC regulation states, in pertinent part:

Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant. When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, *but time frames for receipt of materials shall be computed from the time of receipt by the attorney*.

29 C.F.R. § 1614.605(d) (emphasis added). First, looking to the plain language of

§ 1614.605 in its entirety, there is no evidence that the EEOC intended it to govern the

90-day time frame for filing a civil action in a United States District Court. Rather, the

regulatory language indicates that it is concerned with "time frames for receipt of

materials" solely in the EEOC administrative process. *See, e.g.*, 29 C.F.R. § 1614.605(a)

("At any stage in the processing of a complaint, including the counseling stage [which

occurs during the administrative process], the complainant shall have the right to be

accompanied, represented, and advised by a representative . . . ."); *id.* § 1614.605(b) ("If

the complainant is an employee of the agency, he or she shall have a reasonable amount

of official time . . . to prepare the complaint and to respond to *agency and EEOC* requests

for information." (emphasis added)); *id.* § 1614.605(f) ("Witnesses who are federal

employees . . . shall be in a duty status when their presence is authorized or required by

*Commission or agency officials* in connection with a complaint." (emphasis added)).[5]

---

[5] In an unpublished opinion, the District Court for the District of Columbia espoused this exact interpretation of the regulatory language. *See McKay v. England*, No. Civ.A.

7

The issuance of a right-to-sue letter clearly delineates the conclusion of the EEOC administrative process; hence the official name, Notice of *Final* Action. *See* 29 C.F.R. § 1614.110(a). As a result, on its face, § 1614.605(d) does not apply to the 90-day period within which Appellant had to file a civil action in the District Court upon receiving the right-to-sue letter.

In addition, even if the EEOC intended § 1614.605(d) to control the computation of time for filing an action in federal court, this Court has previously held that such a regulation is not entitled to *Chevron* deference.[6] *See Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 114 (3d Cir. 2003). The issue in *Ebbert* was what constitutes "notice" for the purpose of starting the 90-day statute of limitations. The EEOC, as amicus on appeal, and Appellant, whose District Court case was dismissed as untimely, argued that only receipt of *written* notice could start the limitations period. *Id.* at 106. Specifically, the EEOC argued that its regulation enumerating the contents of a right-to-sue letter was entitled to *Chevron* deference and that such a written letter of notice was the *only possible event* that could start the 90-day period. *Id.* at 109. We held that "[t]he dispositive flaw in the EEOC's argument for *Chevron* deference [was] that the power to create such a rule

01-2535 JR, 2003 WL 1799247, at *2 (D.D.C. Mar. 27, 2003) ("[T]his regulation [29 C.F.R. § 1614.605(d)] applies to administrative proceedings before the EEOC; it does not purport to apply to the limitations period for filing suit in federal court.").

[6] *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984) (holding that an administrative regulation is entitled to deference when an agency reasonably interprets a statute or fills in a gap for which Congress delegated such authority to the agency).

binding on courts is beyond the authority delegated to the EEOC. . . . The EEOC certainly has broad procedural powers for the administrative stage of discrimination complaints, but we cannot see that Congress intended its authority to extend beyond the administrative stage into the judicial proceedings." *Id.* at 110. Therefore, just as the EEOC does not have the power to create a regulation controlling what constitutes notice, it does not have the power to create a regulation controlling what constitutes the receipt of such notice for purposes of the limitations period applicable in federal court.

IV.

For the reasons set forth above, the judgments of the United States District Court for the Eastern District of Pennsylvania dismissing Appellant's complaint as untimely and denying his motion for reconsideration will be affirmed.