# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50391
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2014

Lyle W. Cayce
Clerk

RODOLFO MARTINEZ,

> Plaintiff - Appellant

v.

TEXAS WORKFORCE COMMISSION - CIVIL RIGHTS DIVISION,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:

Rodolfo Martinez appeals the district court's order granting summary judgment in favor of the Texas Workforce Commission-Civil Rights Division ("TWC") on Martinez's claims of national origin discrimination under Title VII, 42 U.S.C. § 2000e-2(a).[1] Martinez, a Mexican-American, argues that the TWC discriminated against him when it appointed Janet Quesnel, a white woman,

---

[1] We note that Martinez was represented by counsel at various points below, but he proceeds with this appeal *pro se*. As such, we review his brief and other filings liberally. *See Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983).

No. 14-50391

to a management position over him in May 2011. The TWC counters that it promoted Quesnel because she was more qualified and performed better during the interview process than Martinez. A magistrate judge issued a Report and Recommendation ("R&R") recommending that the district court grant summary judgment in favor of the TWC because Martinez failed to show that the TWC's reasons for promoting Martinez were a pretext for unlawful discrimination; the district court agreed. For the following reasons, we agree with the district court and AFFIRM the grant of summary judgment.

I.

We review the district court's grant of summary judgment de novo and apply the same standard as the district court. *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014). The district court is entitled to grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, we "review the facts in the light most favorable to the non-movant." *Price v. Fed. Express Corp.*, 283 F.3d 715, 719 (5th Cir. 2002).

As Martinez presents a Title VII claim based on circumstantial evidence, we review the case in accordance with the traditional burden-shifting framework for such claims. *See Meinecke v. H&R Block of Houston*, 66 F.3d 77, 83 (5th Cir. 1995) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). The plaintiff must first present a prima facie case of discrimination, and if the plaintiff does so, the defendant must respond by offering a legitimate, non-discriminatory reason behind its decision. *Id.* If the defendant satisfies its burden, the burden shifts back to the plaintiff to demonstrate that the defendant's proffered reason is a pretext for discrimination. *Id.*

2

No. 14-50391

II.

The parties do not dispute that Martinez made out a prima facie case of national origin discrimination based on a failure to promote theory. *See Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir. 2000) (identifying the prima facie elements of a failure to promote claim). The TWC then proffered a non-discriminatory reason for failing to promote Martinez—Quesnel was more qualified than Martinez. Specifically, the TWC pointed to Quesnel's extensive experience within the TWC and in state government—she had over thirty years of state government experience, she had worked for the TWC continuously for over seventeen years, and she was already employed in a managerial capacity at the time of her promotion. Additionally, Quesnel out-scored Martinez during the interview process. We must decide whether Martinez produced sufficient evidence to suggest that TWC's reasons were pretext for discrimination.

Martinez argues that he has shown pretext because "the evidence in the record establishes that he was substantially more qualified for the position of Manager in May 2011 than [Quesnel]." We have held that a plaintiff may establish pretext by demonstrating that he was "clearly better qualified" such that "the qualifications are so widely disparate that no reasonable employer would have made the same decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010) (internal quotation marks omitted). Martinez does not cite the record on appeal, nor does he identify such qualifications in his brief.

For guidance, we turn to the R&R, in which the magistrate judge noted that Martinez claimed he had four superior qualifications: (1) he had more supervisory experience; (2) he had higher-level experience; (3) he had spent more years as an investigator; and (4) he had more education. We agree with the magistrate judge that these factors do not suggest that Martinez was clearly more qualified than Quesnel. Even accepting that Martinez had more

supervisory experience and higher-level experience generally, an employer may discount both years of service and general experience in favor of specific qualifications. *Moss*, 610 F.3d at 923–24. As the magistrate judge noted, Martinez's supervisory experience came from 1990 through 1997, whereas Quesnel was currently working in a supervisory role at the TWC when she was promoted. Indeed, it is clear from the record that the TWC valued Quesnel's strong record of service within the TWC, which included regular promotions from investigatory to supervisory roles. *See Nichols v. Lewis Grocer*, 138 F.3d 563, 567–69 (5th Cir. 1998) (finding that an employee was not clearly more qualified than another in part because the employee selected had experience in the department of the available position).

We also reject the notion that the magistrate judge weighed the evidence in reaching his conclusion. Instead, our precedents recognize that *employers* are generally free to weigh the qualifications of prospective employees, so long as they are not motivated by race. Indeed, an employee's "better education, work experience, and longer tenure with the company do not establish that he is clearly better qualified." *Price*, 283 F.3d at 723. Here, Quesnel had the longer tenure at the TWC, a strong service record at the TWC, a supervisory position at the TWC, and a stronger performance than Martinez in her interview. We cannot say that Martinez's other qualifications make him clearly more qualified than Quesnel. *See id.* (concluding that the employer was entitled to summary judgment when it valued a candidate's military experience and other skills over the plaintiff's college degree, greater management experience, and other qualifications).

Second, Martinez argues that the TWC improperly relied on the results of a "subjective" interview score to select Quesnel over him. An employer may rely on subjective reasons to select one candidate over another, however, "such as a subjective assessment of the candidate's performance in an interview."

No. 14-50391

*Alvarado v. Tex. Rangers*, 492 F.3d 605, 616 (5th Cir. 2007).  Here, the TWC asked the candidates an identical set of questions and scored them based on the similarity of their answers to a model answer.  *Cf. id.* at 617 (finding that there was no evidence as to how the interviewers arrived at their scores).  Because the TWC has provided some evidence demonstrating how it scored the applicants in the interview process, we conclude that the subjective assessment may serve as a legitimate, non-discriminatory reason for its decision, and the use of the subjective assessment does not serve as evidence of pretext.

Finally, Martinez claims that the TWC "misrepresented the bases for the selection of [Quesnel], rather than truthfully stating that the only basis for promotion of [Quesnel] was . . . the subjective scoring during the interview."  We see no evidence of a misrepresentation.  Instead, the TWC consistently stated that it selected Quesnel based both on her qualifications, namely her record at the TWC, and her performance in the interview.[2]

## III.

In sum, Martinez has failed to show that he was clearly better qualified for the manager position or that the TWC's bases for its decision were otherwise affected by his national origin.  Accordingly, the district court properly adopted the magistrate's R&R granting summary judgment in favor of the TWC.

AFFIRMED.

---

[2] We note that the magistrate judge also considered and rejected a number of additional arguments in his R&R.  Although Martinez has not raised those issues here, we have nonetheless reviewed the R&R and the record evidence and have found no error.