# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2020

Lyle W. Cayce
Clerk

No. 20-50333
Summary Calendar

WENDY CARRIZAL,

*Plaintiff—Appellant*,

*versus*

MEGAN J. BRENNAN, POSTMASTER GENERAL OF THE U.S.
POSTAL SERVICE,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CV-319

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

In this employment discrimination case, the district court granted summary judgment in favor of Defendant-Appellee Megan J. Brennan, Postmaster General of the United States Postal Service ("Postmaster"). The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

district court then denied Plaintiff-Appellant Wendy Carrizal's motion to alter or amend the court's order. Carrizal appeals herein. We AFFIRM.

## I. Factual and Procedural History

Carrizal alleges that she experienced unlawful employment discrimination and retaliation, including sexual harassment, during her employment with the United States Postal Service. She filed an Equal Employment Opportunity claim with the Postal Service, and an administrative law judge granted summary judgment to the Postal Service. On July 19, 2018, the Postal Service issued a final agency decision implementing the administrative law judge's grant of summary judgment and mailed a Notice of Final Action ("NFA") as required by 29 C.F.R. § 1614.110(a). Carrizal's counsel states that the NFA was mailed to counsel's previous address, despite counsel having filed a change of address. Carrizal's counsel asserts that she not did not receive the final order until July 30, 2018, via email, after sending an email on the same day stating that she was aware her client had received the NFA. Carrizal brought the civil action underlying this appeal on October 25, 2018, within 90 days of her counsel receiving the notice. However, Carrizal did *not* bring her claim within 90 days of when she received the NFA on July 23, 2018.

Upon considering the Postmaster's motion for summary judgment, the district court ruled that Carrizal's claim had not been timely filed and should therefore be dismissed. The district court noted that Carrizal did not offer any facts to contradict her receipt of the NFA on July 23, 2018, and thus was required to have filed her complaint by October 22, 2018. The district court stated that "Fifth Circuit precedent is clear the Section 2000e–16(c) period begins upon receipt by either counsel or claimant—whomever is first." (citing to *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)).

Carrizal filed a motion for a new trial or to alter or amend the court's order granting summary judgment. In this motion, she argued that the district court had decided the time limit issue in a manner inconsistent with Supreme Court precedent. She also raised for the first time that 29 C.F.R. § 1614.605(d) required the 90-day limit to begin with her attorney's receipt of the NFA, or alternatively, equitable tolling should apply. The district court denied the motion. Carrizal raises these same issues on appeal.

## II. Standard of Review

"We review the district court's grant of summary judgment de novo and apply the same standard as the district court." *Martinez v. Tex. Workforce Comm'n-Civil Rts. Div.*, 775 F.3d 685, 687 (5th Cir. 2014). A grant of summary judgment is only proper if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The denial of a motion to alter or amend a judgment under FED. R. CIV. P. 59(e) is reviewed only for abuse of discretion. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

## III. Discussion

Carrizal first argues that under *Irwin v. Dep't of Veterans Affs.*, her lawsuit was timely filed because it was filed within 90 days of her counsel's receipt of the NFA. 498 U.S. 89, 92–93 (1990). The district court disagreed, stating that under Fifth Circuit precedent, the 90-day clock began with Carrizal's personal receipt of the NFA. We agree with the district court.

Under 42 U.S.C. § 2000e–16(c), a federal employee may file a civil action "within 90 days of receipt of notice of final action taken by a department, agency, or unit[.]" The Supreme Court has remarked that "§ 2000e–16(c) is a condition to the waiver of sovereign immunity and thus must be strictly construed." *Irwin*, 498 U.S. at 94. In *Irwin*, a federal employee and his attorney received the NFA on two different days, with the

plaintiff receiving it after his counsel. *Id.* at 91. The Court rejected the argument that the clock began to run when claimant received the notice, stating it began with receipt of the notice by counsel. *Id.* at 92–93. However, that case does not state that receipt by counsel is *necessary* to start the clock, only that it is sufficient. Therefore, *Irwin* is aligned with *Ringgold*, which held that "the 90-day period of limitation established by 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." 796 F.2d at 770. 42 U.S.C. § 2000e–5(f)(1) imposes a time limit for filing suit for non-federal employees and Fifth Circuit precedent dictates that § 2000e–16(c) should be viewed as analogous to § 2000e–5(f)(1). *See Irwin v. Veterans Admin.*, 874 F.2d 1092, 1094 (5th Cir. 1989), *aff'd sub nom. Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89 (1990) ("Having found the constructive notice doctrine applicable under § 2000e–5(f)(1) in *Ringgold*, we see no reason to believe Congress intended a different result in suits against the government than in suits against private employers."). Accordingly, the district court did not err in holding that the 90-day clock started running when Carrizal personally received the NFA.

Carrizal next argues that 29 C.F.R. § 1614.605(d), an Equal Opportunity Employment Commission ("EEOC") regulation, required the district court to compute the 90-day deadline from her counsel's receipt of the NFA. The district court noted that this argument was also raised for the first time in Carrizal's Rule 59(e) motion. The district court briefly considered the issue and rejected Carrizal's position. We agree with the district court that Carrizal's position is untenable. 29 C.F.R. § 1614.605(d) states in relevant part: "When the complainant designates an attorney representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney." Other courts have

rejected similar arguments to Carrizal's, holding that § 1614.605(d) is concerned with time frames solely in the EEOC administrative process. *See Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016); *Carter v. Potter*, 258 F. App'x 475, 478 (3d Cir. 2007); *Harris v. Bodman*, 538 F. Supp. 2d 78, 81 (D.D.C. 2008), *aff'd*, No. 08-5091, 2008 WL 5532102 (D.C. Cir. Aug. 27, 2008). We agree with the Third Circuit that "looking to the plain language of § 1614.605 in its entirety, there is no evidence that the EEOC intended it to govern the 90-day time frame for filing a civil action in a United States District Court." *Carter*, 258 F. App'x at 478. 29 C.F.R. § 1614.605(a) states that the right to "be accompanied, represented, and advised by a representative of complainant's choice" is present at "[a]t any stage in the processing of a complaint." This indicates that the "time frames for receipt of materials," *see* § 1614.605(d), is only in the EEOC administrative context. For this reason, we conclude that § 1614.605(d) does not require us to calculate the 90-day time frame from the date Carrizal's counsel received the NFA.

Finally, Carrizal argues that she is eligible for equitable tolling. The district court noted that Carrizal requested equitable tolling for the first time in her Rule 59(e) motion and refused to consider her argument. The district court stated that Rule 59(e) motions are not the appropriate time to raise new arguments. We agree. Fifth Circuit precedent is clear that "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citing *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The district court acted within its discretion to determine that Carrizal waived her ability to make this argument.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.