# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2021

Lyle W. Cayce
Clerk

No. 21-20237

Jonnie Miller,

*Plaintiff—Appellant*,

*versus*

Novo Nordisk, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas Houston Division
USDC No. 4:18-cv-04712

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Jonnie Miller appeals the summary judgment dismissing his age discrimination claim against Novo Nordisk, Inc. We affirm.

## I.

Miller worked as an Institutional Diabetes Care Specialist ("IDCS") for Novo Nordisk for nine years until 2016 when the company reduced the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20237

staff in Miller's department and laid him off. Following his termination, Miller applied for multiple Diabetes Care Specialist ("DCS") positions at Novo Nordisk. At the time, he was 62 years old. Miller interviewed for only one of these positions and was not hired for any of them. As a result, he sued Novo Nordisk under the Age Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Rights Act ("TCHRA").[1]

Miller claims he is clearly better qualified than the candidates chosen for the DCS positions, and that Novo Nordisk impermissibly considered his age. He also argues that Novo Nordisk's reasons for not hiring him have shifted and thus demonstrate pretext by being false or unworthy of credence. Novo Nordisk responds it has consistently maintained that it did not hire Miller because he was not the most qualified candidate for the DCS positions.

The district court granted Novo Nordisk's motion for summary judgment, concluding Novo Nordisk had put forth legitimate nondiscriminatory reasons for not hiring Miller that he failed to adequately rebut. Miller timely appealed.

## II.

We review a summary judgment *de novo*, applying the same standards as the district court. *Thompson v. Microsoft Corp.*, 2 F.4th 460, 466 (5th Cir. 2021); Fed. R. Civ. P. 56(a).

---

[1] To succeed under the ADEA a plaintiff must show that age was a "but-for" reason he was not hired. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 928 (5th Cir. 2010). Under the TCHRA, "a plaintiff need only show that age was a 'motivating factor' in the defendant's decision" not to hire him. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 440 (5th Cir. 2012). Otherwise, the TCHRA uses the same analytical framework used by courts interpreting federal anti-discrimination statutes. *Reed*, 701 F.3d at 439.

No. 21-20237

### III.

Under the burden-shifting framework applicable to employment discrimination claims, once a plaintiff establishes a prima facie case of discrimination[2] the burden shifts to the defendant to offer a "legitimate, nondiscriminatory reason" for the hiring decision. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant does so, the burden returns to the plaintiff to show that the defendant's proffered reason is pretextual. *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011).[3] Accordingly, a genuine issue of fact persists only if a plaintiff puts forth evidence rebutting each of the nondiscriminatory reasons the defendant offers. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001).

In the specific context of a failure to hire claim, a plaintiff can demonstrate pretext by showing that either (1) the candidate "was clearly better qualified (as opposed to merely better or as qualified) than the employees who are selected" or (2) "the employer's proffered explanation is false or unworthy of credence." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quotation omitted). Miller has failed to meet this burden.

To prove Miller was "clearly better qualified" requires "evidence from which a jury could conclude that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Id.* at 923 (quotation omitted). This is a high bar. *Ibid.* Indeed, "differences in qualifications are generally not probative

---

[2] Novo Nordisk does not dispute, "[f]or simplicity's sake," that Miller can establish a prima facie case of discrimination.

[3] In TCHRA claims, a plaintiff may alternatively show that although the defendant's reason for its hiring decision is true, the plaintiff's age also motivated its decision. *See Pan Am Labs.*, 646 F.3d at 259.

evidence of discrimination." *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 357 (5th Cir. 2001). And it is well-settled that more years of service do not make an applicant clearly better qualified. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir. 1996) ("[G]reater experience alone will not suffice to raise a fact question as to whether one person is clearly more qualified than another."). Employers may thus prioritize specific qualifications over general qualifications and years of service. *Martinez v. Tex. Workforce Comm'n-Civil Rts. Div.*, 775 F.3d 685, 688 (5th Cir. 2014).

Here, Miller failed to provide evidence that he was clearly better qualified than the candidates chosen for the DCS positions. He offers tables comparing his years of service and age to those whom Novo Nordisk hired, but as discussed that evidence is insufficient. He also points to accolades he received as an IDCS. But as an IDCS, Miller was primarily responsible for selling to institutions like hospitals and long-term care facilities. He admits to having spent only about 10-15% of his time selling to physicians in their offices. The DCS position, however, "focus[es] exclusively on direct sales to physicians."

Miller has similarly failed to show that Novo Nordisk's reasons for not hiring him are false or unworthy of credence. Regarding the call between Miller and Papesh, a Novo Nordisk manager, Miller claims that the district court "ignored" his evidence and instead "took everything Novo said as true." This is not the case. The district court did not blindly accept Papesh's account of the phone call. Instead, it recognized that although there may be disputes about what took place on the call, these discrepancies are immaterial. The bottom line is that Papesh viewed Miller's behavior as unprofessional, and Miller does not put forth an alternative account. *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) ("Management does not have to make proper decisions, only non-discriminatory ones.").

Miller's belief that he was professional on the call does not preclude summary judgment.

Finally, Miller has failed to show that Novo Nordisk's reasons for not hiring him have been inconsistent. It is true that an employer's shifting reasons for its employment decision can raise an inference of pretext. *See Ameristar Airways v. Admin. Review Bd.*, 650 F.3d 562, 569 (5th Cir. 2011). But Novo Nordisk has never strayed from its position that it did not hire Miller because it believed the other candidates were more qualified for the DCS positions. Instead, what Miller couches as shifting and inconsistent reasons are in fact more detailed explanations unearthed during discovery about why Novo Nordisk personnel believed he was less qualified.

Miller has failed to rebut Novo Nordisk's legitimate nondiscriminatory reasons for its hiring decision. And, as the district court correctly observed, Miller provided "nothing to show that age was ever a factor in the defendant's decision not to hire him." Accordingly, the district court properly granted summary judgment.

AFFIRMED.