# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2022

Lyle W. Cayce
Clerk

No. 22-10020
Summary Calendar

Willie Ray Smith,

*Plaintiff—Appellant*,

*versus*

Summit Midstream Partners, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1841

Before Higginbotham, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff Willie Ray Smith appeals the grant of summary judgment in favor of Defendant Summit Midstream Partners, LLC, ("Summit") on his employment discrimination claims. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10020

I.

Smith began his employment with Summit in September 2011 as a compressor operator at the company's compression plant. In 2014, Smith began working as an amine operator (also referred to as a treater plant operator) at Summit's then-newly opened amine plant. In April 2015, Smith expressed interest in an open position as a lead operator in the compression plant. Johnny Gonzales, a non-Black employee at the compression plant, was chosen over Smith for the lead operator position. On August 1, 2015, Smith was terminated from his position at Summit. At the time of Smith's termination, there were two amine operators—Smith and Victor Spikes. Eldon Garrison and Michael Christopher supervised the amine operators. Smith was the only Black employee at the amine plant at the time of his termination.

In December 2015, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging race discrimination in Summit's failure to promote him to lead operator and in Summit's decision to terminate him. The EEOC issued a right-to-sue letter on May 8, 2019.

Smith filed suit against Summit in the Northern District of Texas in August 2019. He alleged, among other claims not at issue here, that he was passed over for the promotion to lead operator in the compression plant and was terminated in part because of his race. In December 2020, Summit filed a motion for summary judgment, which was initially denied by the district court. The case was then transferred by consent of the parties to a magistrate judge, who sua sponte reconsidered the order denying the motion and granted summary judgment in favor of Summit. The magistrate judge concluded that Smith failed to establish a prima facie case of race discrimination on both his wrongful termination and his failure-to-promote claims. Smith timely appealed.

## II.

We review a grant of summary judgment *de novo*, applying the same standards as the district court. *Thompson v. Microsoft Corp.*, 2 F.4th 460, 466 (5th Cir. 2021). We will affirm the grant of summary judgment if "there is no genuine dispute as to any material fact and the movant [was] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We construe all facts and inferences in the light most favorable to the non-moving party when reviewing a summary judgment." *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).

## III.

Under the burden-shifting framework applicable to employment discrimination claims, a plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish a prima facie case, a plaintiff must show that he

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). The burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the" adverse action. *McDonnell Douglas*, 411 U.S. at 802; *McCoy*, 492 F.3d at 557. If the employer meets this burden of production, the plaintiff must show that each proffered reason is actually a pretext for the discriminatory purpose. *McCoy*, 492 F.3d at 557.

A.

The court concluded that Smith failed to establish a prima facie case of race discrimination on his termination claim. In particular, the court found that Smith did not "identify proper comparators – individuals of a different race than him 'under nearly identical circumstances' who were treated more favorably." Thus, the court concluded that Smith failed to meet his burden to show that he "was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy*, 492 F.3d at 556. On appeal, Smith focuses on the issue of pretext, which the court did not reach, and only indirectly addresses the court's conclusion that Smith failed to identify a proper comparator.[1]

Regardless, the court's conclusion that Smith failed to establish the fourth prong of the prima facie case was correct. We have held that two employees are "similarly situated" only if they "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and [had] essentially comparable violation histories." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). The only other employee Smith proffered who meets the first two criteria is Spikes, the other amine operator, who was also supervised by Garrison and Christopher. However, Spikes, a white male, and Smith did not have "essentially comparable violation histories." *Id.* Smith received counseling about his job performance on multiple occasions. Though Smith disputes one of these instances, he admitted in his deposition testimony that he had been counseled about job performance previously. There was no evidence

---

[1] Smith does not argue in his initial brief on appeal that the court erred by concluding that Smith failed to show he was "replaced by someone outside his protected group." *McCoy*, 492 F.3d at 556. Therefore, any challenge to that conclusion is deemed abandoned. *Edwards v. Johnson*, 209 F.3d 772, 775 n.1 (5th Cir. 2000).

No. 22-10020

that Spikes had ever been disciplined or counseled about job performance, and Christopher wrote in a declaration that Spikes called Christopher multiple times per week to notify him that he was changing filters in the amine plant (one of the amine operators' duties), whereas Smith only called him for the same reason two to three times over the course of several months. Here, the "'difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer,'" and, thus, "the employees are not similarly situated for the purposes of an employment discrimination analysis." *Id.*

B.

On Smith's failure-to-promote claim, the court also concluded that Smith failed to establish a prima facie case of race discrimination. To establish a prima facie case of discrimination on a failure-to-promote claim,

> a plaintiff must show that (1) he is a member of a protected class; (2) he sought and was qualified for a position for which applicants were being sought; (3) he was rejected for the position; and (4) the employer either (a) hired a person outside of the plaintiff's protected class, or (b) continued to seek applicants with the plaintiff's qualifications.

*Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 406 (5th Cir. 2021). The court found that Smith failed to establish a genuine dispute of material fact on the second requirement, because he did not formally apply for the lead operator position and because he was not qualified for the position due to lack of mechanical experience. Smith argues that there was no formal application process and, again, only indirectly addresses the court's conclusion that he was not qualified for the position.

Even if Smith established a prima facie case of discrimination, he has not shown that Summit's proffered reason for hiring Johnny Gonzales, who was outside Smith's protected class, was pretextual. *McCoy*, 492 F.3d at 557.

To prove the proffered reason was a pretext for racial discrimination, Smith could show either that "he is 'clearly better qualified' than" Gonzales or that Summit's "proffered explanation is false or 'unworthy of credence.'" *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007) (citations omitted).

Smith has not shown he was "clearly better qualified" than Gonzales. *Id.* In a declaration, Summit's Senior Vice President, Operations, Dakota Lee, stated that Gonzales was hired over Smith based on "his performance, his work ethic, mechanical aptitude, willingness to make simple repairs, and leadership skills" and the fact that "Gonzales also already worked in the compression plant at the time Summit offered him the lead position." Smith's responds that he was either as or more qualified than Gonzales for the position based on Smith's significant experience with Summit and more generally as a compressor operator. However, Smith does not address Gonzales's qualifications or make a comparison between Gonzales's qualifications and his own. Therefore, he cannot show that he was "clearly better qualified" than Gonzales, and that "the qualifications are so widely disparate that no reasonable employer would have made the same decision." *Martinez v. Tex. Workforce Comm'n-Civil Rights Div.*, 775 F.3d 685, 687-88 (5th Cir. 2014) (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010)). Aside from his own qualifications for the position, Smith makes no other argument on appeal that Summit's proffered reason for hiring Gonzales was pretextual. Therefore, Smith has also failed to show that Summit's "proffered explanation is false or 'unworthy of credence.'" *Burrell*, 482 F.3d at 412.

On his wrongful termination claim, Smith failed to establish a prima facie case of race discrimination, and on his failure-to-promote claim, Smith failed to prove that Summit's proffered non-discriminatory reason for hiring a person outside Smith's protected class was pretextual.

No. 22-10020

Therefore, the judgment is AFFIRMED.