# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2022

Lyle W. Cayce
Clerk

No. 22-20289

Walied Shater,

*Plaintiff—Appellant*,

*versus*

Shell Oil Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1465

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Walied Shater claims he was denied a promotion by his former employer Shell Oil Company ("Shell") due to his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Shell counters that it gave the promotion to Wayne Hunt, a white person of British

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

national origin, because Hunt was more qualified. The district court granted summary judgment in favor of Shell. Shater appealed.

We review the district court's denial of summary judgment *de novo*. *Garcia v. Orta*, 47 F.4th 343, 348 (5th Cir. 2022). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). At this stage, we "view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Menzia v. Austin Indep. Sch. Dist.*, 47 F.4th 354, 360 (5th Cir. 2022) (quotation omitted). In this case, the nonmoving party is Shater.

We evaluate Title VII claims based on circumstantial evidence under the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). The plaintiff must first present a prima facie case of discrimination. *Id.* at 997–98. Then the burden of production shifts to the employer to provide an alternative, nondiscriminatory reason for the adverse employment action. *Id.* at 999. If the employer satisfies its burden, the plaintiff must raise a fact issue that proves the proffered reason is pretextual. *Ibid*. The employee carries the burden of persuasion throughout the entire analysis. *Ibid*.

The parties agree that Shater presented a prima facie case of discrimination. And Shater concedes that Shell satisfied its burden of presenting an alternative, nondiscriminatory reason for the adverse employment action—namely, that Hunt was a better fit for the role.

But the parties disagree over the third prong: whether this proffered reason was pretextual. To support a denial of summary judgment on the ground that it was pretextual, Shater must raise a fact issue showing either (1) Shell's explanation was "false or unworthy of credence," or (2) Shater

was "clearly better qualified than the person selected for the position." *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 412 (5th Cir. 2007) (quotation omitted). We agree with the district court that Shater's claim does not survive summary judgment under either standard.

First, Shater does not raise a fact issue supporting the demonstration that Shell's reasons for its adverse employment action were "false or unworthy of credence." *Burrell*, 482 F.3d at 412 (quotation omitted). Shell provided testimonial evidence from two interview panelists, indicating the interview process was fair and objective. They testified that Shater was one of three finalists for the promotion. Shell assembled a three-person panel to interview the finalists, consistent with its normal process. The panel asked each candidate the same questions about leadership experiences and style. The panel assessed applicants based on specific criteria: (1) leadership and managerial experience, (2) experience and understanding of security issues in Latin America, and (3) connection to U.S. security agencies. It found the first two factors favored Hunt; the third favored Shater. The panel then carefully considered the qualifications of both candidates and ultimately concluded that Hunt was the best fit.

Shater does not provide any compelling evidence that the panel's reasons were false or not credible. He primarily claims that one panel member preselected Hunt. But he has no direct evidence. In fact, that same panel member encouraged Shater to apply for the position. Shater also provided evidence that one panel member said the panel had not made its promotion decision when it had. But that panel member explained the discrepancy by testifying that he could not announce the decision at the time for completely non-discriminatory reasons. Thus, Shater's arguments are speculative and conclusory at best. And even if he could show Hunt was preselected for the position, Shater conceded that preselection alone does not establish pretext unless the preselection was motivated by discriminatory animus. And there

is no evidence of discriminatory animus. Thus, Shater cannot meet this prong.

Second, Shater has not raised a fact issue to show he was "clearly better qualified than" Hunt. *Burrell*, 482 F.3d at 412. A showing that "two candidates are similarly qualified does not establish pretext." *Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002). Rather, the "losing candidate's qualifications must leap from the record and cry to all who would listen that he was vastly—or even clearly—more qualified." *Ibid.* (quotation omitted). The qualifications must be "so widely disparate that no reasonable employer would have made the same decision." *Martinez v. Tex. Workforce Comm'n—C.R. Div.*, 775 F.3d 685, 687 (5th Cir. 2014) (quotation omitted). Otherwise, "any differences in qualifications are generally not probative evidence of discrimination." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010) (quotation omitted).

While Shater had extensive international security experience in the private and public sector, he did not have the same experience in the Latin American region as Hunt. Since the position specifically involved work in Latin America, the panel could conclude that Hunt's language skills and familiarity with the region gave him a competitive advantage. The panel acknowledged that Shater had a greater ability to obtain security clearances than Hunt based on his work with the secret service. But this fact alone does not demonstrate that Shater was "vastly—or even clearly—more qualified." *Price*, 283 F.3d at 723. Since he cannot meet this burden, he cannot show pretext.

Finally, Shater's contention that the district court's ruling is inconsistent with summary judgment rules is without merit. Shater's speculative allegations did not create a genuine dispute as to material fact.

AFFIRMED.