NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JULIA C. LEGGETT,**
*Petitioner*

**v.**

**OFFICE OF CONGRESSIONAL WORKPLACE RIGHTS,**
*Respondent*

---

2022-1288

---

Petition for review of a decision of the Board of Directors of the Office of Congressional Workplace Rights in No. 20-LC-18 (CV).

---

Decided: February 2, 2023

---

JENNIE CATHRYNE BLAINE WATSON, Alan Lescht and Associates, PC, Washington, DC, argued for petitioner.

JOHN D. UELMEN, Office of General Counsel, Office of Congressional Workplace Rights, Washington, DC, argued for respondent.

---

Before PROST, REYNA, and HUGHES, *Circuit Judges*.

PER CURIAM.

Ms. Julia Leggett filed a claim with the Office of Congressional Workplace Rights against her employing office, the Library of Congress, alleging that it unlawfully discriminated against her on the bases of her race, color, and national origin when she was not selected for the position of Supervisory Librarian (Acquisitions and Collections). An OCWR Merits Hearing Officer granted summary judgment for the Library on Ms. Leggett's claim. The OCWR's Board of Directors affirmed summary judgment, determining that Ms. Leggett failed to adduce sufficient evidence for a factfinder to conclude that the Library's asserted non-discriminatory reasons for hiring a white selectee were a pretext for unlawful discrimination. Ms. Leggett now appeals the Board's determination.

We have jurisdiction under 2 U.S.C. § 1407(a)(1) and review the Board's decision de novo.[1]

Ms. Leggett's appeal relies on the theory that she was significantly more qualified than the selectee, such that the Library's decision to nevertheless hire the selectee is

---

[1]    OCWR argues that we review the Board's factual findings for substantial evidence. *See* Respondent's Br. at 13–15. Summary judgment, however, has no factual findings and is reviewed de novo. *See Cienega Gardens v. United States*, 331 F.3d 1319, 1328 (Fed. Cir. 2003) ("Summary judgment, however, is, of course, in all respects reviewed *de novo*."); *see also M & J Coal Co. v. United States*, 47 F.3d 1148, 1152 (Fed. Cir. 1995) ("[S]ummary judgment is a question of law subject to complete and independent review by this court." (quotation marks and citation omitted)).

evidence of discrimination sufficient to survive summary judgment.

Courts have held that, to survive summary judgment, a plaintiff must show that she was "significantly better qualified for the job." *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1294 (D.C. Cir. 1998) (en banc); *see also Martinez v. Tex. Workforce Comm'n-C.R. Div.*, 775 F.3d 685, 687 (5th Cir. 2014) (holding that qualifications evidence may establish pretext where plaintiff was "clearly better qualified such that the qualifications are so widely disparate that no reasonable employer would have made the same decision" (quotation marks and citation omitted)); *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1179–80 (7th Cir. 2002) (adopting the Fifth Circuit's "clearly better qualified" standard and explaining that it is the same standard as the Second, Tenth, Eleventh, and D.C. Circuits); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003) (holding that qualifications evidence may establish pretext where the plaintiff's qualifications are "clearly superior" to those of the selectee). In close cases, however, a reasonable factfinder "would usually assume that the employer is more capable of assessing the significance of small differences in the qualifications of the candidates, or that the employer simply made a judgment call." *Aka*, 156 F.3d at 1294.

To be sure, Ms. Leggett was qualified for this position. Ms. Leggett holds a master's degree in Library and Information Sciences. At the time of the selection, she had worked at the Library for close to 30 years, 15 of which were as a Senior Acquisition and Collections Librarian. During this period, she performed all aspects of acquisitions work, from creating broader acquisition strategies to selecting sources and negotiating agreements with vendors. She thus had extensive experience in acquisitions.

A reasonable factfinder—when considering the evidence in the light most favorable to Ms. Leggett—could

conclude that this was a close case but not that Ms. Leggett was "significantly" or "clearly" more qualified than the selectee. Like Ms. Leggett, the selectee also had a master's in Library and Information Sciences. The selectee also had substantial experience in acquisitions, even if she might have had less than Ms. Leggett. And experience in acquisitions was not the only criterion for the position. The open position was for a library section head, a supervisory position. The selectee here had more managerial experience, after having already served as an acting supervisor for a different library section.

In short, we agree with OCWR that Ms. Leggett has not shown that there is a genuine dispute that the Library's asserted non-discriminatory reasons for passing on Ms. Leggett were a pretext for unlawful discrimination. We have considered Ms. Leggett's remaining arguments and find them unpersuasive. For these reasons, we affirm the Board's decision.

**AFFIRMED**

COSTS

No costs.