# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30899

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2018

Lyle W. Cayce
Clerk

ANGELA ROBERSON-KING,

Plaintiff - Appellant

v.

STATE OF LOUISIANA WORKFORCE COMMISSION, Office of Workforce Development, Louisiana Rehabilitation Services,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana

Before STEWART, Chief Judge, and WIENER and HIGGINSON, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:

Angela Roberson-King worked as a rehabilitation counselor at Louisiana Rehabilitation Services (LRS), a division of Louisiana's Office of Workforce Development. In 2014, she applied to become a district supervisor at LRS. She interviewed for the position but did not receive it. Roberson-King then sued LRS in federal district court, alleging that she was denied a promotion because of her race in violation of Title VII of the Civil Rights Act and Louisiana tort law. The district court dismissed the state law claims under Federal Rule of Civil Procedure 12(b)(6) and granted LRS summary judgment on the Title VII claim. We affirm.

No. 17-30899

I.

Roberson-King first argues that she stated a valid claim under Louisiana Civil Code article 2315 because LRS breached its statutory duties under Title VII.[1] Article 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315(A). The district court dismissed this claim, holding that a state law suit for racial discrimination in employment must be brought under the Louisiana Employment Discrimination Law (LEDL), not Article 2315. We review *de novo* a district court's dismissal for failure to state a claim. *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015).

Under Louisiana law, when two statutes conflict, the "statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *Kennedy v. Kennedy*, 699 So. 2d 351, 358 (La. 1996). The Louisiana legislature has developed a specific statutory scheme to address employment discrimination. The LEDL provides employees with a state cause of action against employers, employment agencies, and labor organizations, and specifies the remedies available in civil discrimination suits. La. Rev. Stat. § 23:303(A). The statute also requires a discrimination plaintiff to provide the defendant with written notice of her intent to sue at least thirty days before initiating court action, and to make a good faith effort to resolve the dispute. *Id.* at § 23:303(C); *see also Miguel v. GEICO Gen. Ins. Co.*, 207 So. 3d 507, 511 (La. App. 4 Cir. 2016) (affirming dismissal of discrimination suit for failure to comply with notice requirements).

Article 2315 contains no similar procedural requirements or limitations on damages. *See Gluck v. Casino Am., Inc.*, 20 F. Supp. 2d 991, 994 (W.D. La.

---

[1] Roberson-King has abandoned her claim for intentional infliction of emotional distress.

2

No. 17-30899

1998). Roberson-King identifies no Louisiana state court decisions permitting recovery for employment discrimination under Article 2315.[2] Because such a cause of action is inconsistent with the LEDL, the district court correctly dismissed this claim.

II.

We review *de novo* the district court's grant of summary judgment on Roberson-King's Title VII claim. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (per curiam) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)). In deciding if the non-movant has raised a genuine issue, the court views all facts and evidence in the light most favorable to her and draws all reasonable inferences in her favor. *Hanks v. Rogers*, 853 F.3d 738, 743–44 (5th Cir. 2017).

A Title VII employment discrimination case based on circumstantial evidence is evaluated under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam). First, the plaintiff must present a prima facie case of discrimination by showing that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse

---

[2] Roberson-King instead relies on dicta from our opinion in *Guillory v. St. Landry Par. Police Jury*, 802 F.2d 822, 826 (5th Cir. 1986), indicating that a cause of action would exist under Article 2315 if an employee was fired in violation of their statutory or constitutional rights. *Guillory* did not address the interaction between Article 2315 and more specific statutory remedial schemes, and Louisiana courts have not adopted such an interpretation of Article 2315.

employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016) (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 319–20 (5th Cir. 2014)). After the plaintiff establishes a prima facie case, "the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." *Moss*, 610 F.3d at 922 (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)). If the defendant articulates a legitimate reason, the burden shifts back to the plaintiff to show the reason is "merely pretextual." *Id.* In conducting a pretext analysis, the court does not "engage in second-guessing of an employer's business decisions." *LeMaire v. La. Dep't. of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007).

It is undisputed that Roberson-King has established a prima facie case of employment discrimination. She is African-American and was qualified for the district supervisor position. Roberson-King was not offered the position. The employee who received the promotion, Mara Lott Patten, is white. But LRS contends that it promoted Patten because she was the more competitive candidate for the position. Specifically, LRS points to Patten's status as a Certified Rehabilitation Counselor (CRC), a credential Roberson-King did not have. This satisfies LRS's burden to provide a legitimate, non-discriminatory basis for its decision. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (explaining that the burden to present a non-discriminatory reason "is one of production, not persuasion; it 'can involve no credibility assessment.'" (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993))).

The burden therefore shifts back to Roberson-King to show that LRS's asserted justification is pretextual. A plaintiff can demonstrate pretext through evidence that she was "'clearly better qualified' (as opposed to merely

better or as qualified)" than the chosen employee. *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995); *accord Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 412 (5th Cir. 2007). To meet her burden to show that she was clearly better qualified, the plaintiff "must present evidence from which a jury could conclude that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Moss*, 610 F.3d at 923 (quoting *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999)). A plaintiff may also establish pretext "by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)).

The record indicates that Roberson-King and Patten each exceeded the minimum qualifications for the district supervisor position, and neither candidate was clearly better qualified. Both held master's degrees, were Master Counselors at LRS, and had some supervisory experience. Roberson-King had a longer tenure with LRS and the Louisiana state government, but Patten achieved the rank of Master Counselor more quickly after joining the agency. Roberson-King was selected to attend a leadership academy and had an extra 15 hours of graduate credit, but she lacked the CRC certification that Patten held. Roberson-King supervised about ten individuals as a first sergeant in the Air Force Reserves. Patten had supervised only one employee, but her supervisory experience was within LRS. Roberson-King had a somewhat better record of meeting her production quotas, but both candidates fell short of their quotas twice in the period since Patten joined LRS.

Any difference in qualifications between the two candidates does not create a genuine issue of fact that Roberson-King was *clearly* better qualified for the district supervisor position. "[E]mployers are generally free to weigh

the qualifications of prospective employees, so long as they are not motivated by race." *Martinez v. Tex. Workforce Comm'n-Civil Rights Div.*, 775 F.3d 685, 688 (5th Cir. 2014) (per curiam) (emphasis omitted). The choice to value Patten's CRC credential over Roberson-King's strengths is within the realm of reasonable business judgments. *See id.* ("[A]n employee's 'better education, work experience, and longer tenure with the company do not establish that [s]he is clearly better qualified.'") (quoting *Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002)).

Roberson-King also emphasizes that the appointing authority at LRS, Bryan Moore, attempted to rescind Patten's promotion after Roberson-King filed a grievance alleging racial discrimination. But this decision, by itself, does not constitute evidence of pretext. Moore testified that he attempted to stop the process because he takes allegations of racial discrimination very seriously and wanted to ensure that everything was done properly. There is no evidence in the record that Moore uncovered any discrimination in the promotion decision. Accordingly, Roberson-King has failed to raise a genuine issue of fact as to pretext. AFFIRMED.