# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2019

Lyle W. Cayce
Clerk

MICHELLE SANTOS,

      Plaintiff - Appellant

v.

WINCOR NIXDORF, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-440

Before HIGGINBOTHAM, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

The district court granted Wincor Nixdorf summary judgment on Michelle Santos's pregnancy discrimination claim, concluding that Santos had not presented sufficient evidence to support her prima facie case of discrimination. We affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50046

# I

This case's background is laid out in detail in the district court's summary judgment order.[1] In brief, Santos was hired through a staffing agency to work for Wincor as a project analyst; while her employment was formally administered by the staffing agency, she was directly supervised by Wincor Nixdorf. As a new project analyst, Santos was expected to undergo on-the-job training in lieu of a formal training program. About a month after she was hired, she told her supervisor, Danielle Mathews, that she was pregnant. Mathews allowed Santos to occasionally work from home if she had medical appointments or was not feeling well. About two months later, upon instructions from her doctor, Santos asked Mathews if she could work from home full-time for the remainder of the pregnancy—from late January to mid-March—and for a few weeks after she was scheduled to give birth. Although Mathews expressed concerns about this arrangement to Santos, Wincor's human resources director, and Wincor's contact at the staffing agency, she granted the request.

Wincor presents evidence that Santos committed multiple work-related errors both before and after she began working from home full-time, and that her coworkers were concerned that they were not able to easily reach her. Shortly after Santos began working from home full-time, Mathews asked the staffing agency to begin searching for a replacement for Santos. In late February, Mathews and Santos exchanged emails about whether Santos was properly logging her hours. Santos stated that she in fact was working more hours than she had been logging because she had been told that any hours beyond 45 hours per week required approval from a supervisor, but was unable

---

[1] *See Santos v. Wincor Nixdorf, Inc.*, No. 1:16-CV-440-RP, 2018 WL 1463710 (W.D. Tex. Mar. 23, 2018).

to complete her assigned tasks within that timeframe. The next day, Mathews told the staffing agency that she wanted to replace Santos by mid to late March. Santos was terminated on March 10, and the staffing agency told her that it was due to her performance.

Santos sued Wincor, alleging that it had retaliated against her in violation of the Fair Labor Standards Act and had engaged in pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978.[2] The district court granted Wincor summary judgment on all claims[3] and denied Santos's motion for reconsideration regarding her pregnancy discrimination claim.[4]

## II

"Title VII of the Civil Rights Act of 1964 forbids a covered employer to 'discriminate against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's . . . sex.'"[5] The Pregnancy Discrimination Act clarified that this extends to discrimination "because or on the basis of pregnancy, childbirth, or related medical conditions," and requires employers to treat women affected by such conditions "the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work."[6]

"A claim brought under the [Pregnancy Discrimination Act] is analyzed like any other Title VII discrimination claim."[7] When, as here, a plaintiff relies

---

[2] Santos originally also brought a claim for violations of the FLSA and included Mathews as a defendant. Her amended complaint dropped all claims against Mathews and only asserted the FLSA retaliation and Title VII claims.

[3] *Santos*, 2018 WL 1463710, at *9.

[4] *Santos v. Wincor Nixdorf, Inc.*, No. 1:16-CV-440-RP, 2018 WL 6728483 (W.D. Tex. Dec. 21, 2018).

[5] *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1344 (2015) (quoting 42 U.S.C. § 2000e-2(a)(1)).

[6] 42 U.S.C. § 2000e(k).

[7] *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 966 (5th Cir. 2016).

on the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*,[8] she must initially establish her prima facie case. This requires her to carry her summary judgment burden in showing genuine disputes of material fact over whether she "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group."[9]

We review the district court's grant of summary judgment de novo.[10] We will affirm "where, construing the evidence in the light most favorable to the non-moving party, 'there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'"[11]

### III

Santos does not appeal the rejection of her FLSA retaliation claim, nor does she argue that the district court erroneously determined that she had failed to present direct evidence of discrimination.[12] Santos solely argues that the district court erred in concluding that she had failed to present sufficient evidence of a similarly situated, non-pregnant comparator who was treated more favorably.

"[W]e require that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken 'under nearly identical circumstances.'"[13] Specifically, "[t]he employment

---

[8] 411 U.S. 792, 802–03 (1973).

[9] *E.g.*, *Roberson-King v. La. Workforce Comm'n*, 904 F.3d 377, 381 (5th Cir. 2018).

[10] *E.g.*, *Sims v. City of Madisonville*, 894 F.3d 632, 637 (5th Cir. 2018) (per curiam).

[11] *Id.* (quoting *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam)).

[12] *See Santos*, 2018 WL 1463710, at *6.

[13] *Lee v. Kansas City Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)) (alteration in original).

actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories."[14] While the plaintiff must show that a comparator was treated more favorably in *nearly* identical circumstances, she need not prove that the circumstances were identical to her own in every way.[15]

The district court concluded that Santos had not presented sufficient evidence of a similarly situated, non-pregnant employee who was treated more favorably.[16] We agree. In her opposition to Wincor's motion for summary judgment, Santos argued that she had presented direct evidence of discrimination on the basis of her pregnancy and related medical conditions, an argument she has now abandoned on appeal. She also argued that she had presented sufficient circumstantial evidence of pregnancy discrimination, focusing on the timing of Mathews's decision to terminate Santos, Wincor's failure to give her earlier warnings about poor performance, and ways in which she was treated differently from other placements by the same staffing agency. But Santos did not present sufficient evidence to allow the conclusion that a non-pregnant employee was treated differently in nearly identical circumstances. She identified one staffing agency placement who was terminated approximately two weeks after being hired due to his inability to operate basic, essential software programs. She also identified an unnamed placement Mathews discussed in her deposition, who, after being allowed to

---

[14] *Id.* (footnotes omitted).

[15] *See id.* at 260–61.

[16] *See Santos*, 2018 WL 1463710, at *7–8.

work from home for no more than a few weeks,[17] returned to work and then "stopped showing up 'enough' such that Mathews had to terminate her."[18] Santos presented no evidence that either of these employees were in nearly identical circumstances to her own—that is, temp-for-hire placements in the middle of their on-the-job training periods who sought to work from home for an extended period of approximately two months. The district court therefore did not err in determining that under the evidence presented, there was no genuine dispute of fact over whether a specific comparator or comparators were treated more favorably than Santos under nearly identical circumstances.

Santos also suggests that the seventeen full-time non-pregnant employees who worked in the same department under Mathews's supervision were *all* proper comparators for the purpose of her prima facie case of discrimination. We reject this argument as well. The district court concluded that Santos did not provide sufficient evidence to conclude that any of these full-time employees were in nearly identical circumstances to Santos, even putting aside the fact that none of them appeared to have sought work-from-home accommodations.[19] More fundamentally, however, it is not enough for Santos to compare herself to other employees who did not ask for or receive work-from-home accommodations of any sort. The Pregnancy Discrimination Act requires that women affected by pregnancy and related medical conditions "shall be treated the same for all employment-related purposes . . . as other

---

[17] In her deposition, Mathews stated that this employee worked from home for no more than "a couple" of weeks. Santos does not offer any evidence suggesting that this employee was actually allowed to work from home for a longer period of time.

[18] Santos does not directly argue on appeal that the district court erred in denying her motion for reconsideration, where she argued in more detail that this specific employee was a relevant comparator. Even fully crediting the arguments and evidence Santos presented on her motion for reconsideration, we still conclude that she has not carried her summary judgment burden of providing sufficient evidence that this employee was situated similarly to Santos.

[19] *See Santos*, 2018 WL 1463710, at *8.

## No. 19-50046

persons not so affected but similar in their ability or inability to work."[20] As we have explained, Santos has not shown that any other Wincor employee was similarly unable to work in the office for the same duration and at the same stage of his or her employment. The district court did not err in concluding that Santos failed to establish her prima facie case at the summary judgment stage.

## IV

We affirm the judgment of the district court.

---

[20] 42 U.S.C. § 2000e(k); *see Young*, 135 S. Ct. at 1354–56 (concluding that the Pregnancy Discrimination Act would prohibit an employer from giving more favorable treatment to non-pregnant employees who were comparably limited in their ability to perform certain physical tasks).