# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2021

Lyle W. Cayce
Clerk

No. 21-10380
Summary Calendar

VANESSA REED,

*Plaintiff—Appellant*,

*versus*

DENIS MCDONOUGH, *Secretary*, U.S. DEPARTMENT OF VETERAN
AFFAIRS,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-2153

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Vanessa Reed sued the U.S. Department of Veterans Affairs (the "VA") after her employer, the Dallas Veterans Administration Medical Center, North Texas Health Care System (the "Dallas VA") terminated

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10380

Reed from her position as a Registered Nurse.  The district court concluded that (1) Reed had failed to establish that her wrongful termination claim against the VA was a recognized cause of action, and (2) Reed had not established a prima facie case of disability discrimination, retaliation, or failure to accommodate.  Reed appealed.  We AFFIRM.

## I.  Background

Reed began her employment as a Registered Nurse in the telenursing unit at the Dallas VA on June 15, 2015.  In December 2015, the Dallas VA notified the telenursing unit that the unit would be relocated to the basement, where it would share a workspace with the wound care nurses.  Reed, who suffers from a condition known as "atopic dermatitis,"[1] requested to relocate to a different workspace because she was concerned that working near the wound care nurses would make her susceptible to skin infections.  The Dallas VA determined that Reed's request was not supported by sufficient medical documentation and eventually denied her request months later.  But it did provide Reed with equipment to reduce contact with surfaces in the basement and continued to work with the Human Resources department to search for a potential reassignment for Reed.

In order to comply with federal law, the Dallas VA requires its Registered Nurses to maintain a "full and unrestricted license in a State."  "An employee who fails to meet" this requirement "will be terminated effective the date the qualification was lost."  On March 31, 2016, Reed's Arkansas Registered Nurse license expired, and she had no other valid active license, so, the next day, the Dallas VA terminated Reed for failure to maintain an active Registered Nurse license.

---

[1] Atopic dermatitis causes a person's skin to crack, flake, and itch.

After her termination, Reed filed an employment discrimination complaint with the VA's Office of Employment Discrimination, alleging that she had been terminated because she had a disability—her atopic dermatitis. The agency denied both her administrative complaint and her subsequent appeal. Following this denial, Reed filed the present suit against the U.S. Secretary of the VA, alleging a claim for "Termination of Excepted Appointment for Failure to Maintain Current Licensure or Certification." However, during her deposition, Reed conceded that her supervisor "didn't choose to terminate me on disability. She just . . . up and terminated me because she said my license [had] expired."

The parties subsequently filed cross-motions for summary judgment. On the same day Reed submitted her reply brief in support of her motion for summary judgment, she moved for leave to amend her complaint to allege a claim for disability discrimination. Adopting an unobjected-to recommendation from the magistrate judge, the district court denied Reed's motion to amend.

In evaluating the cross-motions for summary judgment, the district court construed Reed's complaint as alleging wrongful termination and several disability-related claims. The district court then dismissed Reed's wrongful termination claim because there was no federal cause of action against the VA under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court similarly dismissed Reed's disability-related claims because she failed to make a prima facie case of disability discrimination. Reed timely appealed.

## II.    Jurisdiction & Standard of Review

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291.

No. 21-10380

Reed appeals the district court's summary judgment order. We review a district court's grant of summary judgment de novo, viewing all admissible evidence "in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (quotation omitted). A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[2]

## III.    Discussion

### A.    Summary Judgment

The district court granted summary judgment on Reed's claims for (1) wrongful termination; (2) disability discrimination and retaliation; and (3) failure to accommodate. We address each claim in turn.

### 1.    Wrongful Termination

Reed characterizes her first cause of action as "Termination of Excepted Appointment for Failure to Maintain Current Licensure or Certification." Reed previously argued, in response to the VA's motion for summary judgment, that her cause of action arises under 42 U.S.C. § 1983.[3] However, she fails to cite any law supporting her argument. In any event, the scope of § 1983 "does not reach . . . actions of the Federal Government" like

---

[2] While Reed also purports to appeal the court's denial of her motion to amend, she fails to adequately brief this issue, so we will not address it further. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (noting that, although we liberally construe pro se pleadings, "*pro se* parties must still brief the issues").

[3] Reed's complaint fails to cite any statutory provision authorizing such a cause of action.

the VA's here. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). Thus, we affirm on this issue.

### 2.    Disability Discrimination and Retaliation Claims

Reed next asserts several claims based on a theory of disability discrimination and retaliation.[4]  Reed contends that these claims fall within the scope of the Americans with Disabilities Act.    However, the Rehabilitation Act of 1972 is the exclusive remedy for federal employees alleging employment discrimination. *Hileman v. City of Dall.*, 115 F.3d 352, 353 (5th Cir. 1997).  Nevertheless, the Rehabilitation Act and the Americans with Disabilities Act offer the same protections. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).  Accordingly, we evaluate Reed's claims within the context of the Rehabilitation Act.

A plaintiff may prove employment discrimination and retaliation "by direct or circumstantial evidence, or both." *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019) (quotation omitted).  When the plaintiff relies on circumstantial evidence, we employ the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Nall*, 917 F.3d at 340.  Under *McDonnell Douglas*, the plaintiff must first present a prima facie case of discrimination or retaliation. *Roberson-King v. La. Workforce Comm'n*, 904 F.3d 377, 381 (5th Cir. 2018).  If the plaintiff makes out her prima facie case, "the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." *Id.* (quotation omitted).  If the employer provides such a reason, "the burden shifts back to

---

[4] We address Reed's disability discrimination and retaliation claims (which are not explicitly pleaded in Reed's complaint) because the district court resolved them on the merits after liberally construing her complaint.

the plaintiff to show the reason is merely pretextual." *Id.* (internal quotation marks and citation omitted).

To present a prima facie case for disability discrimination or retaliation, Reed had to demonstrate a causal connection between her disability and her termination. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999); *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (per curiam). Reed failed to do so. It is well established that "the employee must show that 'but for' the protected activity, the adverse employment action would not have occurred." *Nall*, 917 F.3d at 349. Yet Reed has failed to proffer any evidence that the Dallas VA terminated her *because of* her disability.

The undisputed evidence demonstrates that the Dallas VA terminated Reed because of her failure to maintain an active Registered Nurse license—a condition of Reed's continued employment with the Dallas VA. The Dallas VA requires its nurses to maintain all qualifications required for appointment, including a full and unrestricted nursing license in a state. If the required license expires or lapses, the nurse is terminated, as of the expiration date; there are "no exceptions" to this "across-the-board rule." The record indicates that Reed ran afoul of that rule: Reed's Arkansas license was expired on the date the Dallas VA terminated her and her Texas license had not yet been reinstated.[5] Indeed, Reed admitted as much at her deposition, conceding that the Dallas VA terminated her because her license had expired. Because Reed fails to establish that she was fired because of her

---

[5] Reed's Arkansas license expired on March 31, 2016. Reed's Texas license was in delinquent status as of March 31, 1990, and the record indicates that she had not taken the steps necessary to restore her status prior to her termination.

No. 21-10380

disability, we conclude that the district court properly granted summary judgment on Reed's disability-related claims.

### 3.     Failure to Accommodate

The district court similarly granted summary judgment on Reed's failure to accommodate claim.  To make out a prima facie case for failure to accommodate, the plaintiff must prove that (1) she is a qualified individual with a disability; (2) the covered employer knew of the disability and its consequential limitations; and (3) the employer failed to make reasonable accommodations.  *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013).

A "qualified" individual is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see also E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 n.7 (5th Cir. 2009).  An individual who fails to possess necessary qualifications for her job at the time of the adverse action is not "qualified." *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1506 (5th Cir. 1988).  Necessary qualifications may include professional licenses required for the position.  *See id.* at 1506 n.3; *see also Martin v. Lennox Int'l Inc.*, 342 F. App'x 15, 16 (5th Cir. 2009) (per curiam).  Accordingly, because it is undisputed that she lacked the requisite license, as discussed above, as a matter of law, Reed was unqualified for the position, foreclosing her failure to accommodate claim.  *See Bienkowski*, 851 F.2d at 1506 & n.3.  Therefore, the district court properly granted summary judgment on this claim.

Accordingly, we AFFIRM.