# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2023

Lyle W. Cayce
Clerk

No. 22-30038

Esther Watson,

*Plaintiff—Appellant*,

*versus*

School Board of Franklin Parish; Eddie Ray Bryan;
Ronnie Hatton; Danny Davis; Richard Kelly; Louise
Johnson; Tim Eubanks; Dorothy Brown; Lanny Johnson,

*Defendants—Appellees*.

Appeal from the United States District Court
for Western District of Louisiana
USDC No. 3:20-CV-527

Before Stewart, Dennis, and Higginson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*: *

For approximately half a century, Esther Watson worked in education, including as a teacher for over twenty years, an assistant principal for almost a decade, a principal for around seven years, and a child welfare

---

* This opinion is not designated for publication. *See* 5th Circuit Rule 47.5.

No. 22-30038

and attendance supervisor for another seven years or so. Starting in 2009, Watson served as the assistant principal of Winnsboro Elementary School (WES) in Franklin Parish, Louisiana. During the 2017-18 school year, the principal of WES resigned. Watson, an African American woman, applied for the open position. She was not selected, and the position went to Scott McHand, a white man who had eight years of teaching experience. Watson then sued the Franklin Parish School Board, alleging that she was not selected for the position because of her race in violation of Title VII of the Civil Rights Act. The district court dismissed the claims against the School Board members and Johnson in their individual capacities and then, after discovery, granted summary judgment in favor of the defendants on the remaining Title VII claims. Watson now appeals this grant of summary judgment. Because we find that Watson provided evidence that she was clearly better qualified than the white man who was selected, we reverse the district court's grant of summary judgment and remand for further proceedings.

I.

In 1973, Esther Watson, an African American woman, was hired by the Catahoula Parish School Board as a teacher. Over the next thirty-five years, Watson worked as an educator within the Catahoula Parish school district board. She spent the first twenty years or so as a teacher before, in 1994, becoming principal of a junior high school. Watson spent approximately seven years as a school principal. Then, in 2001, she became the child welfare and attendance supervisor in Catahoula Parish. During her time in Catahoula Parish, Watson achieved ten certifications, including certifications to serve as a superintendent (2001), a principal (1979), a supervisor of student teaching (1984), a parish/city school supervisor of instruction (1979), and an adult education administrator and/or supervisor

No. 22-30038

(1995).[1] In 1976, she also obtained a Master of Education plus 30 hours in graduate courses. Watson retired from the Catahoula Parish School district in 2008.

After approximately one month of retirement, Watson applied for the position of assistant principal at a junior high school in Franklin Parish. Watson was hired for the position by Dr. Lanny Johnson, the superintendent for Franklin Parish. Watson spent one year at the junior high before moving to serve as Winnsboro Elementary School's (WES) assistant principal. Ronald Lofton, WES's principal, had served as superintendent for Catahoula Parish while Watson was employed there and specifically requested that Watson serve as his assistant principal. Lofton resigned from this position in the 2017-18 school year.

Watson applied for the now-open position of principal of WES. As part of the selection process, the personnel director for Franklin Parish assembled an interview committee to conduct the initial review of candidates.[2] The interview committee then provided the rankings of the candidates to the superintendent, Johnson, who made the ultimate decision as to whom to hire. Watson scored higher on the interview score.[3]

---

[1] Watson also received certifications in other areas, including certifications to serve as an adult education instructor (1995) and for adapted physical education (1983).

[2] Typically, the interview committee was comprised of administrators from the central office as well as, possibly, principals from the other schools in the district and a teacher from the school for which the position was being filled.

[3] It is an undisputed fact, asserted by both parties, that Watson scored higher on the interview. Although the record does not appear to contain comparative scores, the parties agree that her score was slightly higher.

No. 22-30038

Watson, however, was not selected to serve as principal of WES for the 2018-19 school year. Instead, Scott McHand, a white man, got the position. McHand had been employed as a teacher by the Franklin Parish School Board since 2011, including one year experience serving as a Mentor Teacher. He did not have any prior experience as a school administrator, although he had both a Master of Teaching, Elementary Education (2012) and a Master of Educational Leadership (2018).

In April 2020, Watson filed suit against the Franklin Parish School Board, its individual members, and Johnson (collectively referred to as the "School Board") in their individual and official capacities, claiming that she was not selected as principal of WES due to racial discrimination. While the suit was pending, the district court dismissed the claims against the school board members and Johnson in their individual capacities on grounds of qualified and statutory immunity. The School Board then moved for summary judgment on the remaining claims against the remaining defendants in their official capacities; the district court granted the motion and dismissed Watson's suit with prejudice. Watson appeals.

II.

We review a district court's grant of summary judgment *de novo*. *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (citing Fed. R. Civ. P. 56(a)). "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 323 (5th Cir. 2002) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). When reviewing an appeal from summary judgment, we must view the facts and evidence in the light most favorable to

No. 22-30038

the non-movant and draw all reasonable inferences in her favor. *Hanks v. Rogers*, 853 F.3d 738, 743-44 (5th Cir. 2017).

A Title VII claim for employment discrimination based on circumstantial evidence is evaluated under the burden-shifting framework first established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Roberson-King v. La. Workforce Comm'n, Office of Workforce Dev.*, 904 F.3d 377, 380-81 (5th Cir. 2018) (citing *McDonnell Douglas*, 411 U.S. at 802-04).

Under this this three-part framework, "a plaintiff must first establish a prima facie case of discrimination, which requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Once the plaintiff has made this showing, the burden shifts to the employer to "articulate a legitimate, non-discriminatory reason for its employment action." *Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016) (citation omitted). This burden "is one of production, not persuasion; it can involve no credibility assessment." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (internal quotation marks and citation omitted). If the employer does so, the burden shifts back to the plaintiff to "rebut the employer's purported explanation" and "to show that the reason given is merely pretextual." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). When conducting the pretext inquiry, we do "not 'engage in second-guessing of an employer's business decisions.'" *Roberson-King*, 904 F.3d at 381 (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007)).

No. 22-30038

It is undisputed that Watson has established a prima facie case of employment discrimination. Watson, an African American female, is a member of a protected class and was qualified for the principal position. Nonetheless, she was rejected from that position in favor of McHand, a white man.

The School Board, however, contends that it provided legitimate, non-discriminatory reasons as to why McHand, not Watson, was selected for the position. According to the School Board, Johnson considered a variety of factors, including the educational credentials, certifications, interview scores, work history, and, most importantly, "anticipated length of service" when making his decision. Specifically, Johnson believed that Watson was unlikely to remain in the principalship position, or even with the Franklin Parish School Board, for the long term. This conclusion was based on two primary factors: first, that Watson was a retiree returned to work and second, that Watson, unlike McHand, did not live in Franklin Parish.

Assuming that these proffered reasons are legitimate and non-discriminatory, the burden shifts back to Watson to show that the School Board's asserted justification is pretextual.[4] Watson may "establish pretext 'by showing that the employer's proffered explanation is false or unworthy of credence.'" *Roberson-King*, 904 F.3d at 381 (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). Alternatively, she may show that a fact finder could infer pretext by presenting evidence that she was "'clearly better

---

[4] Watson contends that any consideration of her status as a retiree returned to work would constitute impermissible age discrimination under the Age Discrimination Employment Act. Because we find that Watson provides evidence sufficient to raise a triable issue of fact as to whether the reasons given by the School Board were pretextual, we need not resolve the issue as to whether one of the bases for Watson's non-selection was itself discriminatory.

qualified' (as opposed to merely better or as qualified)" than the employee who was selected. *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995); *see also McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 459 (5th Cir. 2019) (explaining that a plaintiff "must show that his replacement, if any, is clearly less qualified" to show pretext); *see also Stennett v. Tupelo Pub. Sch. Dist.*, 619 F. App'x 310, 319 (5th Cir. 2015) (noting that, where the plaintiff was alleging age discrimination, "a reasonable jury could consider the strength of [the plaintiff's] qualifications vis-à-vis the successful younger applicants as undermining the credibility of [the defendant's] proffered hiring rationale").

"To meet her burden to show that she was clearly better qualified, the plaintiff 'must present evidence from which a jury could conclude that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Roberson-King*, 904 F.3d at 381 (quoting *Moss*, 610 F.3d at 923). "Showing that two candidates are similarly qualified does not establish pretext under this standard," *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 723 (5th Cir. 2002), and employers are "generally free to weigh the qualifications of prospective employees," *Martinez v. Tex. Workforce Comm'n-Civil Rights Div.*, 775 F.3d 685, 688 (5th Cir. 2014) (noting that "an employee's 'better education, work experience, and longer tenure with the company [did] not establish that [s]he [was] clearly better qualified,'" where other considerations weighed in favor of the selected candidate (quoting *Price*, 283 F.3d at 723)).

Here, Watson produced evidence from which a jury could find that she was clearly better qualified for the principal position and that therefore the School Board's proffered reasons for selecting McHand over her were pretextual. Watson presented evidence showing that she had significantly more educational certifications than McHand. More importantly, she also presented evidence as to her substantial amount of relevant work experience,

above all almost a decade as assistant principal at WES and several years as a principal in Catahoula Parish.[5] In comparison, McHand, although he had recently received a degree in educational leadership, had less than a decade of teaching experience and no prior experience in any administrative position. Additionally, Watson scored higher in her interview with the interview committee. Given Watson's long history of experience in administrative positions, especially as both an assistant principal and principal, her larger number of educational certifications of all types, including a certification to serve as a superintendent, and stronger performance before the interview committee, a jury *could*—not necessarily will—find that no reasonable person could have selected McHand over her in the absence of racial discrimination. Accordingly, summary judgment was inappropriate.

## III.

For the reasons given above, we REVERSE the district court and REMAND the case for further proceedings consistent with this opinion.

---

[5] We reiterate that years of experience alone generally is not determinative of whether a candidate is "clearly better qualified." However, we note that in *Moss*, upon which the district court relied for the proposition that an "attempt to equate years served with superior qualifications is unpersuasive," *Moss*, 610 F.3d at 923 (cleaned up), we affirmed the grant of summary judgment only after confirming that the selected applicant, although she had less years of overall experience, had considerably more specialized experience than the plaintiff. *Id.* at 924. Here, Watson relies heavily on her years of experience *as a school administrator*, including nearly a decade as assistant principal at WES as well as her prior principalship in Catahoula Parish. McHand has no such specialized experience.