# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-40116

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2023

Lyle W. Cayce
Clerk

Benjamin Robert Fuhr,

*Plaintiff—Appellant*,

*versus*

City of Sherman, Texas,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CV-549

———————————————————————

Before Stewart, Dennis, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Benjamin Robert Fuhr ("Fuhr") appeals the district court's summary judgment in favor of the City of Sherman, Texas ("the City"). Because Fuhr fails to establish that the City's proffered reasons for hiring Ty Coleman, and not promoting him, for the position of Animal Services Manager were merely pretextual, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40116

## I.     FACTUAL & PROCEDURAL BACKGROUND

Fuhr, a white male, was an animal control officer for the Sherman Animal Shelter. In the Spring of 2019, the position of Animal Services Manager came open. At the same time, the City was looking to hire someone for the position of Animal Services Supervisor, a mid-level supervisory position. On April 25, 2019, Fuhr applied for both positions. The City appointed a three-member committee to interview qualified applicants and make hiring decisions for the open positions. Three internal candidates—Fuhr, Matt Harmon, and David Ulch, all of whom are white males—and one external candidate—Ty Coleman, a Black male—were interviewed for the Animal Services Manager position.

The committee utilized a scoresheet, comprised of a standard set of fifteen interview questions, and five other criteria to evaluate each candidate. Each member of the committee assigned a score to each candidate in reference to each question and criteria. Coleman received an average score of 91 out of 100, Fuhr and Ulch each received average scores of 82 out of 100, and Harmon received an average score of 65 out of 100. Coleman also received the highest scores in several additional criteria. At the time of his application, Coleman had approximately 8 ½ years of relevant work experience, including three years of experience in a supervisory role. Ultimately, the committee unanimously decided to hire Coleman.

Fuhr filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in November 2019, following the hiring of Coleman. After receiving his right to sue letter from the EEOC, Fuhr filed suit in the Eastern District of Texas alleging that the City's failure to promote him was because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and Chapter 21 of the Texas

Labor Code.[1] Following the district court's dismissal of Fuhr's state law claim, the City moved for summary judgment on his remaining Title VII claim, which the district court granted. Fuhr timely appealed.

## II. Standard of Review

We review a district court's grant of summary judgment *de novo*. *Hudson v. Lincare, Inc.*, 58 F.4th 222, 228 (5th Cir. 2023); *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001). Summary judgment is appropriate when a party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court should grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a).

## III. Discussion

Fuhr argues that the district court erred in granting the City's motion for summary judgment because he provided sufficient evidence through which a properly instructed jury could have reasonably concluded that the City's proffered reasons for hiring Coleman, instead of promoting Fuhr, for the Animal Services Manager position, were racially motivated. We are unpersuaded.

*A. Establishing a Prima Facie Case of Racial Discrimination*

In accordance with a Title VII racial employment discrimination claim, the complainant has the burden of establishing a *prima facie* case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 802 (1973). To establish a *prima*

---

[1] TEX. LAB. CODE ANN. § 201.001, et seq., also known as the Texas Commission on Human Rights Act ("TCHRA").

*facie* case of discrimination based on his race, Fuhr must establish that "(1) he was not promoted, (2) he was qualified for the position he sought, (3) he fell within a protected class at the time of the failure to promote, and (4) the defendant either gave the promotion to someone outside of that protected class or otherwise failed to promote the plaintiff because of his race." *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–347 (5th Cir. 2013); *see also Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (quoting *Stroy v. Gibson on behalf of Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018)). If Fuhr successfully establishes a *prima facie* case, the burden would then shift to the City to prove a legitimate, nondiscriminatory reason for failing to promote Fuhr. *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000); *see, e.g.*, *Saketkoo v. Admins. of Tulane Educ. Fund*, 31 F.4th 990, 1000 (5th Cir. 2022) ("If the plaintiff establishes a prima facie case, then the employer has the burden of production to provide 'a legitimate, non-discriminatory reason' for the adverse employment action."). Upon doing so, the burden would then shift back to Fuhr to prove, by a preponderance of the evidence, that the proffered reason was mere pretext for racial discrimination. *Byers*, 209 F.3d at 425.

Although there is no dispute that Fuhr satisfied the first three elements of his *prima facie* case, the parties disagree on the fourth. Nevertheless, the district court determined that Fuhr established a *prima facie* case of discrimination because "(1) there is no dispute that he was not promoted to the Animal Services Department Manager role, (2) the City does not contest that [Fuhr] was qualified for the position, (3) Fuhr's white skin color is his protected class, and (4) a non-white individual—a [B]lack man—was given the position instead." *Fuhr v. City of Sherman, Texas*, No. 4:21-CV-549-SDJ, 2023 WL 1765914 at *3 (E.D. Tex. Feb. 3, 2023). This court agrees.

*B. The Veracity of the City's Proffered Reasons and Evidence of Pretext*

Because Fuhr established a *prima facie* case of racial discrimination, the City becomes tasked with providing a legitimate and nondiscriminatory reason for hiring Coleman instead of promoting Fuhr. *See Autry*, 704 F.3d at 347. The City easily meets its burden. The City's many reasons for its hiring decision include Coleman receiving the highest overall score based on interviews, having over eight years of experience in animal services, and being the only candidate with management and supervisory experience. Fuhr is thus required to establish that the proffered reasons from the City to hire Coleman and not promote him were merely pretextual. *See McDonnell*, 411 U.S. at 804; *see also Sanders v. Christwood*, 970 F.3d 558, 562 (5th Cir. 2020) ("If the employer has articulated [some legitimate, nondiscriminatory reason for the employee's rejection], then the plaintiff must show that the stated reason 'was in fact pretext.'" (quoting *McDonnell*, 411 U.S. at 804)). He fails to do so.

This court has repeatedly held that "differences in qualifications between job candidates are generally not probative evidence of discrimination unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." *Deines v. Tex. Dep't of Protective & Regul. Servs.*, 164 F.3d 277, 279 (5th Cir. 1999); *see also Roberson-King v. La. Workforce Comm'n, Off. of Workforce Dev.*, 904 F.3d 377, 381 (5th Cir. 2018). Whether Fuhr's credentials qualify him for the position of Animal Services Manager is not dispositive in this case. Rather, Fuhr must establish that he was *clearly better qualified* than Coleman. *Deines*, 164 F.3d at 279. He has not and, likewise, cannot.

"A plaintiff may also establish pretext 'by showing that the employer's proffered explanation is false or 'unworthy of credence.'"

No. 23-40116

*Roberson-King*, 904 F.3d at 381. Fuhr attempts to demonstrate evidence of pretext through several additional means, including (1) statements made by members of the committee; (2) the hiring of Harmon for the position of Animal Services Supervisor; (3) Fuhr's belief that the ideas he presented to the committee were met with indifference; (4) a prior lawsuit against the City regarding its failure to promote minorities; and (5) Coleman's age. Fuhr's assertions are insufficient to show pretext. Fuhr cannot establish pretext based on a committee member stating that Coleman was "the first African American to hold the director position" as this statement does not indicate that the committee discriminated against white applicants simply because it recognized the accomplishment of a Black applicant. Additionally, the hiring of another white candidate for an entirely separate position, Animal Services Supervisor, is irrelevant to whether the City's proffered reasons regarding the committee's hiring rationale for the Animal Services Manager position were pretextual. Lastly, Fuhr's assertions, that (1) the committee's perceived indifference to his presented ideas and (2) a prior lawsuit fueled its decision to hire Coleman for the position, amount to nothing more than speculation that does not substantiate a finding of pretext. *See Britt v. Grocers Supply Co.*, 978 F.2d 1441, 1451 (5th Cir. 1992) (noting that speculation and belief are insufficient to create a fact issue regarding pretext). Finally, noting Coleman's age at the time of the hiring, 22 years old, is of no moment in this case as a claim for racial discrimination is distinct from a claim for age discrimination. *See e.g.*, *Evans v. City of Houston*, 246 F.3d 344, 350 (5th Cir. 2001) (showing that establishing a *prima facie* case of racial discrimination is distinct from establishing a *prima facie* case of age discrimination).

Consequently, given the lack of competent summary judgment evidence, Fuhr is unable to establish that the City's proffered reasons for hiring Coleman, and not promoting him, for the position of Animal Services Manager were merely pretextual. *See McDonnell*, 411 U.S. at 804.

No. 23-40116

Accordingly, we hold that the district court did not err in granting the City's motion for summary judgment. *See Hudson v. Lincare, Inc.*, 58 F.4th 222, 228 (5th Cir. 2023); *United States v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001).

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.